**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 12-cv-02257-BNB
(**The above civil action number must appear on all future papers sent to the court in this action. Failure to include this number may result in a delay in the consideration of your claims.**)

DEAN CARBAJAL,

    Plaintiff,

v.

ST. ANTHONY CENTRAL HOSPITAL, a corporation,
CENTURA HEALTH, a corporation,
DR. CHUANG, Supervisory Physician, in his individual and official capacity,
STEPHAN M. SWAN, Physician Assistant, in his individual and official capacity,
GREGORY J. ENGLUND, Registered Nurse, in his individual and official capacity,
MARCI L. HANSUE, Registered Nurse, in her individual and official capacity,
MICHAEL O'NIELL, Police Officer for the Denver Police Department, in his individual
    and official capacity,
JAY LOPEZ, Police Officer for the Denver Police Department, in his individual and
    official capacity,
LARRY BLACK, Police Officer for the Denver Police Department, in his individual and
    official capacity,
LIEUTENANT THOMAS, Lieutenant for the Denver Police Department, in his individual
    and official capacity,
CAPTAIN STEVEN CARTER, Captain for the Denver Police Department, in his
    individual and official capacity,
GILBERTO LUCIO, Police Officer for the Denver Police Department, in his individual
    and official capacity, and
CITY AND COUNTY OF DENVER, political subdivision of the State of Colorado,

    Defendants.

---

**ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCY**

---

Plaintiff has submitted *pro se* a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a Prisoner Complaint. As part of the court's review pursuant to D.C.COLO.LCivR 8.2, the court has determined that the documents

are deficient as described in this order.  Plaintiff will be directed to cure the following if he wishes to pursue his claims.  Any papers that Plaintiff files in response to this order must include the civil action number on this order.

**28 U.S.C. § 1915 Motion and Affidavit**:
(1) ___ is not submitted
(2) ___ is missing affidavit
(3) xx is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing (<u>account statement submitted does not cover the entire 6-month period because page 1 of 4 is missing</u>)
(4) ___ is missing certificate showing current balance in prison account
(5) ___ is missing required financial information
(6) ___ is missing an original signature by the prisoner
(7) ___ is not on proper form (must use the court's current form)
(8) ___ names in caption do not match names in caption of complaint, petition or habeas application
(9) ___ other: _____

**Complaint, Petition or Application**:
(10) ___ is not submitted
(11) ___ is not on proper form (must use the court's current Prisoner form)
(12) ___ is missing an original signature by the prisoner
(13) ___ is missing page nos. ___
(14) ___ uses et al. instead of listing all parties in caption
(15) ___ names in caption do not match names in text
(16) ___ addresses must be provided for all defendants/respondents in "Section A. Parties" of complaint, petition or habeas application
(17) ___ other: _____

Accordingly, it is

ORDERED that Plaintiff cure the deficiency designated above **within thirty (30) days from the date of this order**.  Any papers that Plaintiff files in response to this order must include the civil action number on this order.  It is

FURTHER ORDERED that, if Plaintiff fails to cure the designated deficiency **within thirty (30) days from the date of this order**, the complaint and the action will be dismissed without further notice.  The dismissal shall be without prejudice.

DATED August 24, 2012, at Denver, Colorado.

                                                                         BY THE COURT:

                                                                         s/ Boyd N. Boland
                                                                         United States Magistrate Judge