IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02257-REB-KLM

DEAN CARBAJAL,

    Plaintiff,

v.

ST. ANTHONY CENTRAL HOSPITAL, a corporation,
CENTURA HEALTH, a corporation,
DR. CHUANG, Supervising Physician, in his official and individual capacities,
STEPHAN M. SWAN, Physician Assistant, in his official and individual capacities,
GREGORY J. ENGLUND, Registered Nurse, in his official and individual capacities,
MARCI L. HANSUE, Registered Nurse, in her official and individual capacities,
MICHAEL O'NIELL, Police Officer for the Denver Police Department, in his official and individual capacities,
JAY LOPEZ, Police Officer for the Denver Police Department, in his official and individual capacities,
LARRY BLACK, Police Officer for the Denver Police Department, in his official and individual capacities,
LIEUTENANT THOMAS, Lieutenant for the Denver Police Department, in his official and individual capacities,
CAPTAIN STEVEN CARTER, Captain for the Denver Police Department, in his official and individual capacities,
GILBERTO LUCIO, Police Officer for the Denver Police Department, in his official and individual capacities, and
CITY AND COUNTY OF DENVER, a political subdivision of the State of Colorado,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the **Motion to Dismiss** [Docket No. 37; Filed November 5, 2012], filed by Defendants St. Anthony Central Hospital, Centura Health, Gregory J. Englund, and Marci L. Hansue; on the **Denver Defendants' Motion to Dismiss**

**Plaintiff's Sixth Claim for Relief** [Docket No. 53; Filed November 26, 2012], filed by Defendants Michael O'Neill, Jay Lopez, Larry Black, Lieutenant Ron Thomas, Captain Steven Carter, Gilberto Lucio, and the City and County of Denver; and on the **Motion to File Amended Complaint** [Docket No. 57; Filed November 27, 2012], filed by Plaintiff.

Pursuant to Fed. R. Civ. P. 15(a)(1)(B), Plaintiff may amend his pleading once as a matter of course "within . . . 21 days after service of a motion under Rule 12(b) . . . ." Plaintiff has submitted his Amended Prisoner Complaint within this period. Accordingly,

IT IS HEREBY **ORDERED** that Plaintiff's Motion to File Amended Complaint [#57] is **GRANTED**.

IT IS FURTHER **ORDERED** that the Clerk of the Court shall accept Plaintiff's Amended Prisoner Complaint [#57-1] for filing as of the date of this Order.

Service has previously been effected on all Defendants except for one newly-added Defendant in the Amended Prisoner Complaint. Accordingly,

IT IS FURTHER **ORDERED** that those Defendants who have already been served and entered their appearances in this case shall answer or otherwise respond to Plaintiff's Amended Prisoner Complaint [#57-1] on or before **December 19, 2012**.

Newly-added Defendant Apex has not been served or entered an appearance in this case. Accordingly,

IT IS HEREBY **ORDERED** that, if appropriate, the Clerk shall attempt to obtain a waiver of service from Defendant Apex. If unable to do so, the United States Marshal shall serve a copy of the Amended Prisoner Complaint, summons, and all other orders upon Defendant Apex. If appropriate, the Marshal shall first attempt to obtain a waiver of service

of these documents pursuant to Fed. R. Civ. P. 4(d). All costs of service shall be advanced by the United States.

IT IS FURTHER **ORDERED** that Defendants' Motions to Dismiss [#37, #53] are **DENIED as moot**. *See, e.g.*, *Strich v. United States*, No. 09-cv-01913-REB-KLM, 2010 WL 14826, at *1 (D. Colo. Jan. 11, 2010) (citations omitted) ("The filing of an amended complaint moots a motion to dismiss directed at the complaint that is supplanted and superseded."); *AJB Props., Ltd. v. Zarda Bar-B-Q of Lenexa, LLC*, No. 09-2021-JWL, 2009 WL 1140185, at *1 (D. Kan. Apr. 28, 2009) (finding that amended complaint superseded original complaint and "accordingly, defendant's motion to dismiss the original complaint is denied as moot"); *Gotfredson v. Larsen LP*, 432 F. Supp. 2d 1163, 1172 (D. Colo. 2006) (noting that defendants' motions to dismiss are "technically moot because they are directed at a pleading that is no longer operative").

Dated: November 28, 2012

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge