IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02257-REB-KLM

DEAN CARBAJAL,

      Plaintiff,

v.

ST. ANTHONY CENTRAL HOSPITAL, a corporation,
CENTURA HEALTH, a corporation,
DR. CHUANG, Supervising Physician, in his official and individual capacities,
STEPHAN M. SWAN, Physician Assistant, in his official and individual capacities,
GREGORY J. ENGLUND, Registered Nurse, in his official and individual capacities,
MARCI L. HANSUE, Registered Nurse, in her official and individual capacities,
MICHAEL O'NIELL, Police Officer for the Denver Police Department, in his official and individual capacities,
JAY LOPEZ, Police Officer for the Denver Police Department, in his official and individual capacities,
LARRY BLACK, Police Officer for the Denver Police Department, in his official and individual capacities,
LIEUTENANT THOMAS, Lieutenant for the Denver Police Department, in his official and individual capacities,
CAPTAIN STEVEN CARTER, Captain for the Denver Police Department, in his official and individual capacities,
GILBERTO LUCIO, Police Officer for the Denver Police Department, in his official and individual capacities, and
CITY AND COUNTY OF DENVER, a political subdivision of the State of Colorado,

      Defendants.
_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on Defendants St. Anthony Central Hospital, Centura Health, Gregory J. Englund, and Marci L. Hansue's (the "St. Anthony Defendants") **Motion to Strike Plaintiff's Response to Motion to Dismiss Amended Complaint** [Docket No. 92; Filed January 31, 2013) (the "Motion to Strike"); and on their **Motion for Extension of Time to File Reply Brief to Plaintiff's Response to Motion to Dismiss Amended Complaint** [Docket No. 93; Filed January 31, 2013) (the "Motion for Extension").  In the Motion to Strike, the St. Anthony Defendants argue that Plaintiff's Response [#86] to their Motion to Dismiss [#69] "is illegible, exceeds the page limitations, and fails to comply with

both the Local Rules and this Court's Practice Standards." *Motion to Strike* [#92] at 2. They specifically cite to alleged violations of D.C.COLO.LCivR 10.1E. and 10.1G. as well as REB Civ. Practice Standard IV.B.1., IV.C.1., and IV.C.2.[1]  *Id.* at 1-2.

Local Rule 10.1G. states, "All papers and signatures shall be legible."  The St. Anthony Defendants aver that Plaintiff's Response "is not legible . . . and consists of miniature, handwritten scrawls in dense single[-]spaced pages–which renders it indecipherable." *Motion to Strike* [#92] at 3.  They do not direct the Court's attention to any particular passages that are especially difficult to read.  The Court is very familiar with Plaintiff's handwriting from his numerous filings in multiple cases.  Many of these filings are border-line illegible.  However, the Court does not find the present filing to be so difficult to read as to be illegible and therefore in violation of Local Rule 10.1G.

Local Rule 10.1E. states, "All papers shall be double-spaced."  As the St. Anthony Defendants point out, while some provisions of Local Rule 10.1 exempt *pro se* litigants from their mandates, Local Rule 10.1E. is not one of those provisions.  Plaintiff's tiny handwriting, which is not unique to the Response at issue here, is as small as and/or smaller than the 12-point font from which *pro se* litigants are exempted for good cause shown.  The Court agrees with the St. Anthony Defendants that Plaintiff's filing violates Local Rule 10.1E.  Regardless, the Court does not strike this or any other present filing on that basis alone. **However, Plaintiff is warned that future filings that do not comply with the spacing requirement of Local Rule 10.1E. shall be stricken *sua sponte* or on motion from opposing counsel.**

The Court next turns to the alleged violations of the District Judge's Civil Practice Standards.  The Court first notes that REB Civ. Practice Standard IV.C.1. applies only to motions and not to other types of briefing, so it is not applicable to the filing at issue here. Pursuant to REB Civ. Practice Standard IV.B.2., the District Judge only permits a total of fifteen pages for each response.  Plaintiff's Response is twenty-nine pages, not including the Certificate of Service.  Thus, Plaintiff has submitted fourteen pages more than the number permitted by the District Judge's Civil Practice Standards.  Although Plaintiff's Response is a Response to three Motions to Dismiss [#69, #71, #73], only one of which was filed by the St. Anthony Defendants [#69], Plaintiff has not sought leave of the Court to file a combined Response or to file a Response in excess of the permitted fifteen pages. Nothing in the Federal Rules of Civil Procedure, the Local Rules, or the District Judge's Civil Practice Standards allows him to automatically do so.  Although Plaintiff has litigated before the District Judge and the undersigned in multiple cases and should be familiar with the applicable rules and standards, as he must be despite proceeding as a *pro se* litigant, *see Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994), the Court does not strike this filing pursuant to REB Civ. Practice Standard IV.C.2., as Plaintiff may have been confused regarding page limitations when responding to multiple motions. **However, Plaintiff is warned that he must seek leave of the Court in the future before filing combined**

_____

[1] A copy of the District Judge's Civil Practice Standards can be found and downloaded from: http://www.cod.uscourts.gov/Documents/Judges/REB/REB_Civil_12-1-11_Final.pdf.

**responses to motions or before filing any response that exceeds fifteen pages. Failure to do so in the future will result in such filings being stricken *sua sponte* or on motion from opposing counsel.**

Accordingly,

IT IS HEREBY **ORDERED** that the Motion to Strike [#92] is **DENIED**.

IT IS FURTHER **ORDERED** that the Motion for Extension [#93] is **GRANTED in part**.  The St. Anthony Defendants shall file a Reply to Plaintiff's Response [#86] **on or before February 15, 2013**.

Dated:  February 1, 2013