**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-02257-REB-KLM

DEAN CARBAJAL,

    Plaintiff,

v.

ST. ANTHONY CENTRAL HOSPITAL, a corporation,
CENTURA HEALTH, a corporation,
APEX, a corporation,
DR. CHUANG, Supervising Physician in his individual and official capacity,
STEPHAN M. SWAN, Physician Assistant, in his individual and official capacity,
GREGORY J. ENGLUND, Registered Nurse, in his individual and official capacity,
MARCI HANSHUE, Registered Nurse, in her individual and official capacity,
MICHAEL O'NIELL, Police Officer For the Denver Police Department, in his individual and official capacity,
JAY LOPEZ, Police Officer For the Denver Police Department, in his individual and official capacity,
LARRY BLACK, Police Officer For the Denver Police Department, in his individual and official capacity,
LIEUTENANT STEVEN CARTER, Captain For the Denver Police Department, in his individual and official capacity,
GILBERT LUCIO, Police Officer For the Denver Police Department, in his individual and official capacity, and
CITY AND COUNTY OF DENVER, a political subdivision of the State of Colorado,

    Defendants.

**ORDER RE: RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

    The matters before me are (1) the **Recommendation of United States Magistrate Judge** [#114],[1] filed July 8, 2013; (2) **Defendant's Stephen Swan, P.A.**

---

[1] "[#114]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

**and Apex's Objections to the Recommendation of United States Magistrate Judge** [#123], filed July 22, 2013; (3) defendants, St. Anthony Central Hospital, Centura Health, Gregory J. Englund, RN, and Marci L. Hanshue, RN's (collectively, the "St. Anthony defendants"), **Objections to Recommendation of United States Magistrate Judge** [#126], filed July 26, 2013; (4) **Denver Defendants' Objections to Recommendation of United States Magistrate Judge** [#127], filed August 7, 2013; and (5) **Plaintiff's Contemporaneous Objection to the Court's Order [#114]** [#128], filed August 12, 2013. I sustain defendants' objections in part and overrule them in part, overrule plaintiff's objections, and respectfully reject the recommendation in part and adopt it in part.

Plaintiff is proceeding *pro se.* Thus, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. ***See Erickson v. Pardus***, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); ***Andrews v. Heaton***, 483 F.3d 1070, 1076 (10th Cir. 2007); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing ***Haines v. Kerner***, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which cognizable objections have been filed. I have considered carefully the recommendation, the objections of plaintiff and defendants, and the applicable caselaw.

The facts of this case are well-known to the parties and recounted in detail in the magistrate judge's exceptionally thorough recommendation. Succinctly stated, plaintiff

alleges that, after being beaten by Denver police officers, he was transported to St. Anthony Central Hospital for treatment and forcibly catheterized by police officers and hospital personnel. The law governing such circumstances is well-established:

> The Fourth Amendment governs intrusions into the human body, including compulsory blood and urine tests. ***See Schmerber v. Calif.***, 384 U.S. 757, 767, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966); ***Sanders v. Thomas***, 167 Fed. Appx. 723, 724-25 (10th Cir.2006). Such intrusions constitute searches under the Fourth Amendment and are forbidden unless they are justified in the circumstances and made in a proper manner. ***See Schmerber***, 384 U.S. at 768, 86 S.Ct. 1826. To determine whether a police-ordered blood or urine test violates the Fourth Amendment, the Court must determine (1) whether police were justified in requiring the test; and (2) whether police used reasonable means and procedures in taking the sample. ***See id.*** Absent a warrant, police are not justified in requiring a blood or urine sample unless probable cause and exigent circumstances exist. ***See Marshall v. Columbia Lea Reg'l Hosp.***, 474 F.3d 733, 741 (10th Cir. 2007).

***Cook v. Olathe Medical Center, Inc.***, 773 F.Supp.2d 990, 1001 (D. Kan. 2011) (footnote omitted). Plaintiff claims further that defendants violated his First Amendment rights by refusing to let him speak to "internal affairs" and/or conditioning their agreement to let him speak to "internal affairs" on his submission to the catheterization.

Based on this incident, plaintiff brings seven claims: (1) unreasonable search and seizure in violation of the Fourth and Fourteenth Amendments (Claim One); (2) unreasonable and excessive force in violation of the Fourth and Fourteenth Amendments (Claim Two); (3) negligence against the St. Anthony defendants, Mr. Swan, and Dr. Chuang (Claim Three); (4) retaliation for exercise of First Amendment rights (Claim Four); (5) invasion of the right of privacy under the Fourth Amendment

and the Colorado Constitution (Claim Five); (6) extreme and outrageous conduct (Claim Six); and (7) conspiracy to violate civil rights under the First, Fourth, and Fourteenth Amendments (Claim Seven).  Four defendant groups have filed separate motions to dismiss the claims in which they are implicated.  These are (1) a **Motion To Dismiss Amended Complaint** [#69], filed December 17, 2012, by the St. Anthony defendants; (2) a **Motion To Dismiss** [#71], filed December 18, 2012, by Dr. Ryan Chuang and Stephen Swan, P.A.; (3) a **Motion To Dismiss the Amended Complaint** [#73], filed December 19, 2012, by Michael O'Neill, Jay Lopez, Larry Black, Lieutenant Ron Thomas, Captain Steven Carter, Gilberto Lucio, and the City and County of Denver (collectively, the "Denver defendants"); and (4) a **Motion To Dismiss** [#87], filed January 29, 2013, by Apex.  The magistrate judge recommends that these motions be granted in part and denied in part as detailed in her recommendation.[2]  In addition, the magistrate judge *sua sponte* recommends that

---

[2] Specifically, the magistrate judge recommends as follows:

(1) With respect to Mr. Chuang's and Mr. Swan's motion [#71]:

    (a) that the motion be denied insofar as it claims that plaintiff's complaint violates Rule 8(a);
    (b) that the motion be granted as to all substantive claims against Mr. Chuang and that the claims against him be dismissed without prejudice; and
    (c) that the motion be denied as to all substantive claims against Mr. Swan;

(2) With respect to the St. Anthony defendants' motion [#69]:

    (a) that the motion be granted with respect to Claim Three (negligence) as against Ms. Hanshue; and
    (b) that the motion be denied in all other respects;

(3) With respect to the Denver defendants' motion [#73]:

    (a) That the motion be granted as to Claim Five (privacy under the Colorado Constitution) and Claim Six (outrageous conduct) insofar as they implicate Messrs. Lucio, Black, O'Neill, Lopez, Carter, and Thomas and that these claims

plaintiff's request for declaratory relief be denied for lack of subject matter jurisdiction. I approve and adopt the magistrate judge's recommendation insofar as it recommends granting the motions to dismiss on the bases referenced in footnote 2 above.

By his objections, plaintiff suggests that his Amended Complaint is sufficient to state claims for supervisory liability as against Dr. Chuang and Messrs. Carter and Thomas. These objections are imponderous and without merit. I concur with the magistrate judge that the complaint fails to allege facts sufficient to plausibly suggest the type of personal participation on the part of any of these supervisory defendants in the acts that form the basis of this lawsuit. I therefore overrule plaintiff's objections and approve and adopt that portion of the recommendation.

However, I must respectfully reject the recommendation to the extent it suggests that the Amended Complaint alleges facts sufficient to plausibly state the existence of a municipal policy or custom. The magistrate judge noted, and I agree, that the majority of the alleged policies and/or customs set forth in the Amended Complaint are "repetitious" and "conclusory," and thus that plaintiff has not stated any plausible claim based thereon. Nevertheless, and setting aside the not-insignificant hurdle presented by plaintiff's failure to clearly specify which entity allegedly promulgated this (or any

---

be dismissed with prejudice;
(b) That the motion be granted as to all remaining claims implicating Messrs. Lucio, Carter, and Thomas and that these claims be dismissed without prejudice;

(c) That the motion be granted as to Claim Five (privacy under the Colorado Constitution) insofar as it implicates the City and County of Denver and that this claim be dismissed with prejudice; and
(d) That in all other respects, the motion be denied; and

(4) With respect to Apex's motion [#87], that the motion be denied.

other alleged) policy,[3] I must respectfully reject the magistrate judge's conclusion that plaintiff has articulated facts sufficient to plausibly suggest the existence of a policy or custom of misusing catheters to collect urine samples from non-consenting suspects/patients.

First, I note that the Amended Complaint does not allege facts sufficient to suggest the existence of a custom or practice regarding forced catheterization. In the absence of an official policy, a municipality may be held liable for the actions of its employees only if the challenged practice is "so permanent and well settled as to constitute a 'custom or usage' with the force of law." ***Lankford v. City of Hobart***, 73 F.3d 283, 286 (10th Cir. 1996) (quoting ***Adickes v. S.H. Kress & Co.***, 398 U.S. 144, 168, 90 S.Ct. 1598, 1614, 26 L.Ed.2d 142 (1970)). To prove a custom, therefore, plaintiff must allege "[t]he existence of a continuing, persistent and widespread practice of unconstitutional misconduct" by municipal employees. ***Gates v. Unified School District No. 449 of Leavenworth County, Kansas***, 996 F.2d 1035, 1041 (10th Cir. 1993). Per force, a single incident of unconstitutional conduct is insufficient to plausibly suggest the existence of a custom or practice attributable to the municipality. ***See City of Oklahoma City v. Tuttle***, 471 U.S. 808, 823-824, 105 S.Ct. 2427, 2436, 85 L.Ed.2d 791 (1985)*;* ***Starrett v. Wadley***, 876 F.2d 808, 820 (10th Cir. 1989); ***Murphy v.***

---

[3] The Amended Complaint states that the alleged policies are those of the City and County of Denver, but attempts to attribute such policies to St. Anthony, Centura Health, and Apex "through their final decisionmakers Chuang and Swan." (**Am. Compl** ¶ 23 & n.2 at 8.) The concept of ratification applies to unofficial customs or practices of subordinate officers or employees – it makes no sense in the context of officially promulgated policies. As discussed more fully below, the Amended Complaint does not allege facts sufficient to make out a claim based on a custom or practice. Thus, even if plaintiff properly had alleged the existence of a municipal policy attributable to the City, I would conclude that he had not alleged facts sufficient to make St. Anthony's, Centura Health, or Apex subject to liability for that same policy.

***Bitsoih***, 320 F.Supp.2d 1174, 1196-97 (D.N.M. 2004). Because the Amended Complaint does not allege any facts suggesting that anyone other than plaintiff himself has ever been subjected to an unconstitutional, forced catheterization by Denver police officers and/or medical personnel associated with St. Anthony's Hospital, Centura Health, or Apex, plaintiff has not asserted a viable claim based on the existence of a custom or practice in that respect.

Accordingly, plaintiff's constitutional claims against the City, St. Anthony's, Centura Health, and Apex must be based on the existence of an official policy. **See Tuttle**, 105 S.Ct. at 2436 ("Proof of a single incident of unconstitutional activity is not sufficient to impose liability [against a municipality], unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker."). "In order to warrant liability, a municipal policy must be a policy statement, ordinance, regulation, or decision officially adopted and promulgated by [the municipality's] officers.***" Lankford***, 73 F.3d at 286 (citation and internal quotation marks omitted). Yet plaintiff has alleged no facts to plausibly suggest that the City and County of Denver has adopted or promulgated any such policy statement, ordinance, regulation, or decision regarding the circumstances under which urine samples may be taken from suspects, much less that it has promulgated the facially unconstitutional policy which the Amended Complaint posits – that is, a policy that facially condones the misuse or abuse of

catheterization irrespective of the requirements of the Fourth Amendment.[4] Nor has he alleged any facts (as opposed to mere conclusions) to plausibly suggest that an official with final policymaking authority over this particular area of concern adopted or promulgated such a policy. *See Moss v. Kopp*, 559 F.3d 1155, 1169 (10th Cir. 2009); *Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996).[5] I therefore find and conclude that plaintiff's constitutional claims against St. Anthony's, Centura Health, Apex, and the City and County of Denver, as well as against all individual defendants in their official capacities, must be dismissed.

I do agree with the magistrate judge that the Amended Complaint alleges specific facts suggesting joint action with the Denver police officers for purposes of plaintiff's constitutional claims against Messrs. Englund and Swan. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152, 90 S.Ct. 1598, 1605-06, 26 L.Ed.2d 142 (1970); *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1453-54 (10th Cir. 1995). The Amended Complaint alleges that Messrs. Englund and Swan "conceded and agreed that a urine test was going to be conducted if [plaintiff] was going to speak to

---

[4] If the policy is facially constitutional, the officers' departure from it cannot be said to represent the policy of the municipality in the absence of evidence suggesting a widespread and persistent pattern that has been ratified or acquiesced to by municipal policymakers. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 486, 106 S.Ct. 1292, 1301-02, 89 L.Ed.2d 452 (1986) (White, J. concurring) ("Local law enforcement officers are expected to obey the law and ordinarily swear to do so when they take office. Where the controlling law places limits on their authority, they cannot be said to have the authority to make contrary policy."); *Thomas v. City of Snyder, Oklahoma*, – Fed. Appx. —, 1996 WL 662453 at *5 (10th Cir. Nov.15, 1996) ("When an official's discretionary decisions are constrained by policies not of that official's making, those policies rather than the subordinate's departures from them are the acts of the municipality.").

[5] Moreover, plaintiff has failed to allege any facts (as opposed to mere conclusions) to plausibly suggest that any of the municipal or corporate defendants failed to adequately train or supervise employees regarding the circumstances under which recalcitrant suspects/patients may be forcibly catheterized. *See Mott v. Officer John Does I*, 2008 WL 648993 at *5 (D. Colo. March 4, 2008) (Blackburn, J.).

internal affairs" and that these defendants "discussed their plan" prior to forcibly catheterize plaintiff. (**Am. Compl.** ¶ 17 at 6 [#60], filed November 28, 2012.) However, I reject the magistrate judge's finding that plaintiff has stated a plausible claim that Ms. Hanshue can be considered a state actor under the joint action test.[6] Unlike Messrs. Englund and Swan, Ms. Hanshue is alleged only to have assisted in restraining plaintiff while the catheterization was accomplished. (***See id.***) There are no facts alleged suggesting she agreed to the other defendants' allegedly unconstitutional plan. I therefore find and conclude that the constitutional claims against Ms. Hanshue in her individual capacity must be dismissed.

Finally, with respect to Claims One, Two, Four, and Seven, I note *sua sponte* that plaintiff's attempt to invoke the protections of the Fourteenth Amendment[7] in addition to those offered by the more specific constitutional guarantees implicated by each of those claims is inappropriate. "Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." ***Albright v. Oliver***, 510 U.S. 266, 273, 114 S.Ct. 807, 813, 127 L.Ed.2d 114 (1994) (citation and internal

---

[6] However, my ruling in this regard should not be construed as an acceptance of defendants' arguments suggesting that section 1983 claims are subject to a heightened pleading standard. That argument has been clearly disapproved by the Supreme Court and the Tenth Circuit. ***See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit***, 507 U.S. 163, 165-69, 113 S.Ct. 1160, 1161-63, 122 L.Ed.2d 517 (1993); ***Scott v. Hern***, 216 F.3d 897, 907 (10th Cir. 2000); ***Asten v. City of Boulder***, 652 F.Supp.2d 1188, 1210 (D. Colo. 2009).

[7] Although plaintiff appears to state a claim implicating substantive due process only, this same rationale applies to claims implicating the procedural protections of the Fourteenth Amendment as well. ***See Becker v. Kroll***, 494 F.3d 904, 919 (10th Cir. 2007).

quotation marks omitted). Plaintiff's claims for unreasonable search and seizure, excessive force, retaliation for exercise of First Amendment rights, and conspiracy to violate civil rights all implicate rights protected by specific constitutional guarantees, as clearly recognized in his articulation of the claims themselves.[8] To the extent plaintiff seeks to invoke also the Fourteenth Amendment, those aspects of those claims are properly dismissed.

**THEREFORE, IT IS ORDERED** as follows:

    1. That the **Recommendation of United States Magistrate Judge** [#114], filed July 8, 2013, is **APPROVED AND ADOPTED IN PART** as an order of this court and respectfully **REJECTED IN PART** as follows:

        a. That the recommendation is **APPROVED AND ADOPTED** as an order of this court insofar as it recommends dismissal of plaintiff's claim for declaratory judgment;

        b. That, with respect to the Denver defendants' **Motion To Dismiss the Amended Complaint** [#73], filed December 19, 2012:

            (1) The recommendation is **APPROVED AND ADOPTED** as an order of this court insofar as it recommends that the Denver defendants' motion to dismiss be **GRANTED**:

                (a) as to all the Denver defendants on Claims Five (privacy, insofar as based on violation of the Colorado Constitution) and Six (outrageous conduct), for lack of subject matter

---

[8] Claim Four, for invasion of privacy, is explicitly brought under the Fourth Amendment only.

jurisdiction, and those claims are dismissed with prejudice for failure to comply with the notice requirements of the Colorado Governmental Immunity Act, §24-10-109(1), C.R.S.; and

(b) as to defendants Lucio, Carter, and Thomas on claims One, Two, Four, Five (privacy, insofar as based on violation of the Fourth Amendment), Six, and Seven; and

(2) In all other respects, the recommendation regarding this motion respectfully is **REJECTED**;

c. That with respect to Dr. Chuang's and Mr. Swan's **Motion To Dismiss** [#71], filed December 18, 2012, the recommendation is **APPROVED AND ADOPTED** as an order of this court;

d. That with respect to the St. Anthony defendants' **Motion To Dismiss Amended Complaint** [#69], filed December 17, 2012:

(1) The recommendation is **APPROVED AND ADOPTED** as an order of this court insofar as it recommends that Claim Three (negligence) against Ms. Hanshue be dismissed without prejudice; and

(2) In all other respects, the recommendation regarding this motion respectfully is **REJECTED**; and

e. That with respect to Apex's **Motion To Dismiss** [#87], filed January 29, 2013:

       (1) The recommendation is **APPROVED AND ADOPTED** as an order of this court insofar as it recommends denial of the motion with respect to Claim Six (outrageous conduct); and

       (2) In all other respects, the recommendation regarding this motion respectfully is **REJECTED**;

2. That the objections stated in **Defendant's Stephen Swan, P.A. and Apex's Objections to the Recommendation of United States Magistrate Judge** [#123], filed July 22, 2013, are **SUSTAINED IN PART** and **OVERRULED IN PART** as follows;

    a. That the objections are **SUSTAINED** insofar as they go to Claims One (unreasonable search and seizure); Two (excessive force); Four (retaliation for exercise of First Amendment rights); Five (privacy insofar as based on the Fourth Amendment); and Seven (conspiracy to violation civil rights) as against defendant Apex; and

    b. That in all other respects, the objections are **OVERRULED**;

3. That the objections of defendants St. Anthony Central Hospital, Centura Health, Gregory J. Englund, RN, and Marci L. Hanshue, RN as stated in the **Objections to Recommendation of United States Magistrate Judge** [#126], filed July 26, 2013, are **SUSTAINED IN PART** and **OVERRULED IN PART** as follows:

    a. That the objections are **SUSTAINED** insofar as they implicate Claims One (unreasonable search and seizure); Two (excessive force); Four (retaliation for exercise of First Amendment rights); Five (privacy insofar as based on the Fourth Amendment); and Seven (conspiracy to violation

civil rights) as against St. Anthony's, Centura Health, and Ms. Hanshue; and

   b. That in all other respects, the objections are **OVERRULED**;

4. That the objections stated in **Denver Defendants' Objections to Recommendation of United States Magistrate Judge** [#127], filed August 7, 2013, are **SUSTAINED IN PART** and **OVERRULED IN PART** as follows:

   a. That the objections are **SUSTAINED** insofar as they implicate Claims One (unreasonable search and seizure); Two (excessive force); Four (retaliation for exercise of First Amendment rights); Five (privacy insofar as based on the Fourth Amendment); and Seven (conspiracy to violation civil rights) as against Messrs. Lucio, Carter, and Thomas and the City and County of Denver; and

   b. That in all other respects, the objections are **OVERRULED**;

5. That the objections stated in **Plaintiff's Contemporaneous Objection to the Court's Order [#114]** [#128], filed August 12, 2013, are **OVERRULED**;

6. That the St. Anthony defendants' **Motion To Dismiss Amended Complaint** [#69], filed December 17, 2012, is **GRANTED IN PART** and **DENIED IN PART** as follows:

   a. That the motion is **GRANTED** as to

       (1) Claims One (unreasonable search and seizure); Two (excessive force); Four (retaliation for exercise of First Amendment rights); Three (negligence); Five (privacy insofar as based on the

     Fourth Amendment); and Seven (conspiracy to violation civil rights) as against Ms. Hanshue, and those claims are **DISMISSED WITHOUT PREJUDICE**; and

     (2) Claims One (unreasonable search and seizure); Two (excessive force); Four (retaliation for exercise of First Amendment rights); Five (privacy insofar as based on the Fourth Amendment); and Seven (conspiracy to violation civil rights) as against St. Anthony's and Centura Health, and those claims are **DISMISSED WITHOUT PREJUDICE**; and

  b. That in all other respects, the motion is **DENIED**;

7. That the **Motion To Dismiss** [#71], filed December 18, 2012, by Dr. Ryan Chuang and Stephen Swan, P.A., is **GRANTED IN PART** and **DENIED IN PART** as follows:

  a. That the motion is **GRANTED** as to all claims against Dr. Chuang, and those claims are **DISMISSED WITHOUT PREJUDICE**; and

  b. That in all other respects, the motion is **DENIED**;

8. That the Denver defendants' **Motion To Dismiss the Amended Complaint** [#73], filed December 19, 2012, is **GRANTED IN PART** and **DENIED IN PART** as follows:

  a. That the motion is **GRANTED** as follows:

    1. With respect to Claims Five (privacy insofar as based on the Fourth Amendment); and Six (outrageous conduct) as against all

defendants, and these claims are **DISMISSED WITH PREJUDICE**; and

2. With respect to Claims One (unreasonable search and seizure); Two (excessive force); Four (retaliation for exercise of First Amendment rights); and Seven (conspiracy to violation civil rights) as against (a) the City and County of Denver; (b) defendants Lucio, Carter, and Thomas in their official and individual capacities; and (c) defendants Black, O'Neill, and Lopez in their official capacities, and these claims are **DISMISSED WITHOUT PREJUDICE**; and

b. That in all other respects, the motion is **DENIED**;

9. That the **Motion To Dismiss** [#87], filed January 29, 2013, by Apex, is **GRANTED IN PART** and **DENIED IN PART** as follows:

a. That the motion is **GRANTED** as to Claims One (unreasonable search and seizure); Two (excessive force); Four (retaliation for exercise of First Amendment rights); Five (privacy insofar as based on the Fourth Amendment); and Seven (conspiracy to violation civil rights) as against Apex, and those claims are **DISMISSED WITHOUT PREJUDICE**; and

b. That in all other respects, the motion is **DENIED**;

10. That plaintiff's claim for declaratory judgment, as set forth in ¶ 30.3 of the **Amended Complaint** [#60], filed November 28, 2012, is **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction;

11. That at the time judgment enters, judgment **SHALL ENTER** as follows:

a. in favor of defendants, Michael O'Neill, Police Officer for the Denver Police Department, in his individual and Official Capacity; Jay Lopez, Police Officer for the Denver Police Department, in his individual and Official Capacity; Larry Black, Police Officer for the Denver Police Department, in his individual and Official Capacity; Lieutenant Thomas, Lieutenant for the Denver Police Department, in his individual and Official Capacity; Captain Steven Carter, Captain for the Denver Police Department, in his individual and Official Capacity; Gilberto Lucio, Police Officer for the Denver Police Department, in his individual Capacity; and the City and County of Denver, a political subdivision of the State of Colorado, and against plaintiff, Dean Carbajal, as to Claims Five (privacy based on the Colorado Constitution) and Six (outrageous conduct); provided, that the judgment as to these claims against these defendants shall be with prejudice;

b. in favor of defendants Lieutenant Thomas, Lieutenant for the Denver Police Department, in his individual and Official Capacity; Captain Steven Carter, Captain for the Denver Police Department, in his individual and Official Capacity; Gilberto Lucio, Police Officer for the Denver Police Department, in his individual Capacity, and against plaintiff, Dean Carbajal, as to Claims One, Two, Five (privacy based on Fourth Amendment), and Seven; provided, that the judgment as to these claims against these defendants shall be dismissed without prejudice;

c. in favor of defendants Michael O'Neill, Police Officer for the Denver Police Department, in his Official Capacity only; Jay Lopez, Police Officer for the Denver Police Department, in his Official Capacity only; Larry Black, Police Officer for the Denver Police Department, in his Official Capacity only, and against plaintiff, Dean Carbajal, as to Claims One, Two, Four, Five (privacy based on Fourth Amendment), and Seven; provided, that the judgment as to these official capacity claims against these defendants shall be without prejudice;

d. in favor of the City and County of Denver, a political subdivision of the State of Colorado, and against plaintiff, Dean Carbajal, as to Claims One, Two, Four, Five (privacy based on Fourth Amendment), and Seven; provided, that the judgment as to these claims against this defendant shall be without prejudice;

e. in favor of defendant Dr. Chuang, Supervising Physician, in his individual and official capacity, and against plaintiff, Dean Carbajal, as to all claims asserted against him; provided, that the judgment as to these claims against this defendant shall be without prejudice;

f. in favor of defendant, Marci L. Hanshue, Registered Nurse, in her individual and official capacity, and against plaintiff, Dean Carbajal, as to Claims One, Two, Three, Four, Five (privacy based on the Fourth Amendment), and Seven; provided, that the judgment as to these claims against this defendant shall be without prejudice;

g. in favor of defendants St. Anthony's Central Hospital, a corporation;

and Centura Health, a corporation, and against plaintiff, Dean Carbajal, as to Claims One, Two, Four, Five (privacy based on Fourth Amendment), and Seven; provided, that the judgment as to these claims against these defendants shall be without prejudice;

h.  in favor of defendant Apex, a corporation, and against plaintiff, Dean Carbajal, as to claims One, Two, Four, Five (privacy based on Fourth Amendment), and Seven; provided, that the judgment as to these claims against this defendant shall be without prejudice;

i.  In favor of all defendants and against plaintiff, Dean Carbajal, as to claims One, Two, Four, and Seven insofar as those claims are purported to be based on the Fourteenth Amendment; provided, that the judgment as to these claims shall be with prejudice; and

j.  in favor of all defendants and against plaintiff, Dean Carbajal, as to plaintiff's claim for declaratory judgment set forth in paragraph 30.3 of the **Amended Complaint** [#60], filed November 28, 2012; provided, that the judgment as to this claim shall be without prejudice; and

12.  That defendants Dr. Chuang, Supervising Physician, in his official and individual capacity; Lieutenant Thomas, Lieutenant for the Denver Police Department, in his individual and Official Capacity; Captain Steven Carter, Captain for the Denver Police Department, in his individual and Official Capacity; Gilberto Lucio, Police Officer

for the Denver Police Department, in his individual and Official Capacity, are

**DROPPED** as named parties to this action, and the case caption **AMENDED**

accordingly.[9]

Dated September 6, 2013, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge

---

[9] As a result of these rulings, the court perceives that the following claims remain in this lawsuit:

(1)  Claim One as v. Lopez, O'Neill, Black, Englund, and Swan in their individual capacities, based on violation of the Fourth Amendment only;

(2)  Claim Two as v. Lopez, O'Neill, Black, Englund, and Swan in their individual capacities based on violation of the Fourth Amendment only;

(3)  Claim Three as v. Swan, Englund, St. Anthony's, and Centura Health;

(4)  Claim Four as v. Lopez, O'Neill, Black, Englund, and Swan in their individual capacities based on violation of the First Amendment only;

(5)  Claim Five as v. Lopez, O'Neill, Black, Englund, and Swan in their individual capacities based on violation of the Fourth Amendment only;

(6)  Claim Six as v. Swan, Englund, Hanshue, St. Anthony's, Centura Health, Apex; and

(7)  Claim Seven as v. Lopez, O'Neill, Black, Englund, and Swan in their individual capacities based on violation of the First and Fourth Amendments only.