**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Action No. 12-cv-02257-REB-KLM

DEAN CARBAJAL,

    Plaintiff,

v.

ST. ANTHONY CENTRAL HOSPITAL, a corporation,
CENTURA HEALTH, a corporation,
APEX, a corporation,
STEPHAN M. SWAN, Physician Assistant, in his individual and official capacity,
GREGORY J. ENGLUND, Registered Nurse, in his individual and official capacity,
MARCI HANSHUE, Registered Nurse, in her individual and official capacity,
MICHAEL O'NIELL, Police Officer For the Denver Police Department, in his individual and official capacity,
JAY LOPEZ, Police Officer For the Denver Police Department, in his individual and official capacity,
LARRY BLACK, Police Officer For the Denver Police Department, in his individual and official capacity, and
CITY AND COUNTY OF DENVER, a political subdivision of the State of Colorado,

    Defendants.

## ORDER DENYING MOTION FOR RECONSIDERATION

**Blackburn, J.**

    The matter before me is **Plaintiff Mr. Carbajal's Contemporaneous Objection to the Trial Court's Issued September 6, 2013 Concerning United States Magistrate Judge's Recommendations** [#146],[1] filed October 22, 2013, which I construe as a motion for reconsideration of the referenced **Order Re: Recommendation of the United States Magistrate Judge** [#133], filed September 6, 2013. Exercising my prerogative under D.C.COLO.LCivR 7.1C., I rule on the motion

---

[1] "[#146]" is an example of the convention I use to refer to the docket number of a particular filing.

without awaiting the benefit of a reply. As thus construed, I deny the motion.

The plaintiff is proceeding *pro se*. Thus, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. **See Erickson v. Pardus**, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

The bases for granting reconsideration are extremely limited:

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

**Servants of the Paraclete v. Does**, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted).

Plaintiff's objection offers nothing to suggest that any of these factors are implicated here. Instead, he merely rehashes arguments previously advanced, which are no more persuasive now than they were before. Plaintiff's mere disagreement with my order provides no proper basis on which to reconsider the matters determined therein.

**THEREFORE, IT IS ORDERED** that **Plaintiff Mr. Carbajal's Contemporaneous Objection to the Trial Court's Issued September 6, 2013 Concerning United States**

**Magistrate Judge's Recommendations** [#146], filed October 22, 2013, construed as a motion for reconsideration, is **DENIED**.

Dated October 29, 2013, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge