**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Action No. 12-cv-02257-REB-BNB

DEAN CARBAJAL,

    Plaintiff,

v.

ST. ANTHONY CENTRAL HOSPITAL, a corporation,
CENTURA HEALTH, a corporation,
APEX a corporation,
STEPHAN M. SWAN, Physician Assistant, in his individual and official capacity,
GREGORY J. ENGLUND, Registered Nurse, in his individual and official capacity,
MARCI HANSHUE, Registered Nurse, in her individual and official capacity,
MICHAEL O'NIELL, Police Officer For the Denver Police Department, in his individual and official capacity,
JAY LOPEZ, Police Officer For the Denver Police Department, in his individual and official capacity,
LARRY BLACK, Police Officer For the Denver Police Department, in his individual and official capacity, and
CITY AND COUNTY OF DENVER, a political subdivision of the State of Colorado,

    Defendants.

**ORDER GRANTING DEFENDANT CITY AND COUNTY OF DENVER'S**
**MOTION TO CLARIFY ORDER #133 AND AMENDING SAME**

**Blackburn, J.**

The matter before me is **Defendant City and County of Denver's Motion To Clarify Order #133** [#151],[1] filed November 14, 2013. I grant the motion and will direct the clerk of the court to amend the apposite order to reflect that the City and County of Denver has been dismissed as a named party in this action.

---

[1] "[#151]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

By my **Order Re: Recommendation of the United States Magistrate Judge** [#133], filed September 6, 2013, I found and concluded that all plaintiff's claims implicating the City and County of Denver were to be dismissed and judgment entered in favor of defendant. (*See id.* ¶¶ 11(a) & (d) at 16-17 & ¶ 12 n. 9 at 19.) Nevertheless, I failed to include the City within that portion of the order directing that certain defendants, against whom all claims had been dismissed, were dropped as named parties to this action. (*See id.* ¶ 12 at 18-19.) Thus, the extant order should be amended to reflect that all claims against the City and County of Denver in this lawsuit have been dismissed and that the City therefore is properly dismissed as a party.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendant City and County of Denver's Motion To Clarify Order #133** [#151], filed November 14, 2013, is **GRANTED**;

2. That the court **CLARIFIES** and **CONFIRMS** that there are no claims remaining in this lawsuit in which the City and County of Denver is implicated as a defendant; and

3. That the **Order Re: Recommendation of the United States Magistrate Judge** [#133], filed September 6, 2013, **IS AMENDED** at pages 18-19, paragraph 12 as follows:

> That defendants Dr. Chuang, Supervising Physician, in his official and individual capacity; Lieutenant Thomas, Lieutenant for the Denver Police Department, in his individual and Official Capacity; Captain Steven Carter, Captain for the Denver Police Department, in his individual and Official Capacity; Gilberto Lucio, Police Officer for the Denver Police Department, in his individual and Official Capacity; and the City and County of Denver, a political

subdivision of the State of Colorado, are **DROPPED** as named parties to this action, and the case caption **AMENDED** accordingly.[9]

Dated December 10, 2013, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge

---

[9] As a result of these rulings, the court perceives that the following claims remain in this lawsuit:

(1) Claim One as v. Lopez, O'Neill, Black, Englund, and Swan in their individual capacities, based on violation of the Fourth Amendment only;

(2) Claim Two as v. Lopez, O'Neill, Black, Englund, and Swan in their individual capacities based on violation of the Fourth Amendment only;

(3) Claim Three as v. Swan, Englund, St. Anthony's, and Centura Health;

(4) Claim Four as v. Lopez, O'Neill, Black, Englund, and Swan in their individual capacities based on violation of the First Amendment only;

(5) Claim Five as v. Lopez, O'Neill, Black, Englund, and Swan in their individual capacities based on violation of the Fourth Amendment only;

(6) Claim Six as v. Swan, Englund, Hanshue, St. Anthony's, Centura Health, Apex; and

(7) Claim Seven as v. Lopez, O'Neill, Black, Englund, and Swan in their individual capacities based on violation of the First and Fourth Amendments only.