IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02257-REB-KLM

DEAN CARBAJAL,

      Plaintiff,

v.

ST. ANTHONY CENTRAL HOSPITAL, a corporation,
CENTURA HEALTH, a corporation,
STEPHAN M. SWAN, Physician Assistant, in his official and individual capacities,
GREGORY J. ENGLUND, Registered Nurse, in his official and individual capacities,
MARCI L. HANSUE, Registered Nurse, in her official and individual capacities,
MICHAEL O'NIELL, Police Officer for the Denver Police Department, in his official and
individual capacities,
JAY LOPEZ, Police Officer for the Denver Police Department, in his official and individual
capacities,
LARRY BLACK, Police Officer for the Denver Police Department, in his official and
individual capacities, and
APEX, a corporation,

      Defendants.
_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on Plaintiff's **First Motion for Extension of Time to
Amend Complaint and Joinder [sic] Parties** [#153];[1] on Plaintiff's **First Motion for
Extension of Time to Respond to Denver Defendants' First Set of Discovery** [#158];[2]
on Plaintiff's **Motion for Protective Order** [#160];[3] and on Defendants' **Joint Motion for
Protective Order** [#164].

---

     [1] Defendants filed a Response [#155] in opposition to this Motion, and Plaintiff filed a Reply
[#162].

     [2] Defendants filed a Response [#163] in opposition to this Motion.

     [3] Defendants filed a Response [#166] in opposition to this Motion.

Regarding Plaintiff's Motion for Protective Order [#160], the Court notes that it has already dealt with Plaintiff's arguments on these matters in another of Plaintiff's currently pending lawsuits. *See Carbajal v. Warner*, No. 10-cv-02862-REB-KLM, 2013 WL 1129429 (D. Colo. Mar. 18, 2013). Without repeating the entirety of that analysis here, the Court finds for purposes of the present lawsuit that: (1) Plaintiff has put his mental health condition at issue, making his mental health records relevant; (2) Plaintiff has put his physical health at issue, making his physical health records relevant; (3) Plaintiff has waived any applicable privacy rights to his physical medical records by initiating this lawsuit and making a claim for compensatory damages relating to his alleged physical injuries; (4) Plaintiff has waived any potentially applicable psychotherapist-patient privilege by placing his psychological condition at issue based on requested emotional distress damages; (5) production of copies of Plaintiff's medical records to Defendants is not barred by HIPAA and is in fact required by law if Plaintiff seeks to obtain the related damages; and (6) Plaintiff's medical records located at Denver Health, where he was held after his stay at St. Anthony Central Hospital and before his transfer to CDOC, are relevant to the extent of his claimed injuries. Accordingly,

IT IS HEREBY **ORDERED** that Plaintiff's Motion for Protective Order [#160] is **DENIED**.

IT IS FURTHER **ORDERED** that Plaintiff's First Motion for Extension of Time to Amend Complaint and Joinder [sic] Parties [#153] is **GRANTED**. The deadline for amendment of the complaint and joinder of parties is extended to **February 19, 2014**. **Absent exceptional cause, no further extension of this deadline shall be granted.**

IT IS FURTHER **ORDERED** that Plaintiff's First Motion for Extension of Time to Respond to Denver Defendant's First Set of Discovery [#158] is **GRANTED**. Plaintiff shall respond to the Denver Defendants' First Set of Discovery **on or before February 12, 2014**. **Absent exceptional cause, no further extension of this deadline shall be granted**.

IT IS FURTHER **ORDERED** that Defendants' Joint Motion for Protective Order [#164] is **DENIED without prejudice**. The proposed Protective Order [#164-1] contains signature blocks for Plaintiff and the attorneys for Defendants. However, none of the signature blocks has been executed. If the parties wish the Court to consider entry of a protective order, they shall submit either a proposed protective order with executed signature blocks or a proposed protective order containing only a signature block for the Court (preferably with the correct spelling of Judge Mix's name).

Dated:  January 29, 2014