# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 2012-CV-02257- REB-KLM

DEAN CARBAJAL,

Plaintiff,

v.

ST. ANTHONY CENTRAL HOSPITAL, a corporation
CENTURA HEALTH, a corporation,
STEPHAN M. SWAN, Physician Assistant, individually,
GREGORY J. ENGLUND, Registered Nurse, individually,
MARCI L. HANSHUE, Registered Nurse, individually,
MICHAEL O'NIELL, Police Officer for the Denver Police Department, individually,
JAY LOPEZ, Police Officer for the Denver Police Department, individually,
LARRY BLACK, Police Officer for the Denver Police Department, individually,

Defendants.

---

## PROTECTIVE ORDER

---

Pursuant to Fed.R.Civ.P. 26 (c), the Court hereby Orders :

1.      This action involves the production and disclosure of documents, testimony and other information, some of which will be of a privileged and /or confidential and proprietary nature, including but not limited to medical records, employment records, and internal documents regarding medical policies and procedures, and clinical standards.All parties agree that all such privileged, confidential, and/or proprietary information and documents disclosed, produced, given or filed in this action should be subject to a Protective Order pursuant to Fed.R.Civ.P. 26 (c).

2.      The Court finds that Plaintiff's medical records for treatment rendered at

St. Anthony Central Hospital on August 28, 2010 are relevant to the claims and defenses, as well as his physical and mental health records for treatment rendered by Denver Health and the Colorado Department of Corrections for the period of three years prior to the subject incident on August 28, 2010 through the present, and that Plaintiff has waived any potential privileges regarding those records by placing his physical and mental health records at issue by alleging personal and emotional injuries. Plaintiff must provide Defendants with the executed and notarized releases to obtain those records, attached to this Order as Exhibits A, B, and C, and must deposit those executed and notarized releases in the outgoing mail at the Arkansas Valley Correctional Facility within seven days of the date of this Order. All medical records obtained by those releases shall be subject to the terms of this Protective Order.

3.      This Order shall govern the handling of all such privileged, confidential, and proprietary documents, testimony, deposition transcripts and any and all other information, including all copies, excerpts, and summaries thereof (collectively, "Material"), produced, disclosed, or given during discovery or otherwise filed in this action, and which are designated as "Confidential" according to the terms of this Protective Order.

4.      Any party to this action from whom discovery or disclosure is sought in connection with this action, may designate as "Confidential" any Material produced or disclosed by such party that contains privileged, confidential, and/or proprietary information.  The assertion of the "Confidential" privilege shall only apply to documents

and testimony which include personal medical or employment information, corporate financial information, including tax information, and proprietary or trade secret information, including internal clinical standards and medical policies, procedures, and protocols. "Confidential" Material, as used in this Order, shall refer to any such designated Material, including all copies thereof, and shall also refer to the information contained in such Material. The designation of any "Confidential" Material shall also require the contemporaneous disclosure of a privilege log which separately identifies each "Confidential" document or other Material by the bates stamped number and the date each document or other Material was created, and the identification of the author(s) and recipient(s) of each document or other Material. No designation shall be made unless the designating party believes in good faith that the designated Material is entitled to such protection.

5.    Material designated "Confidential" shall be maintained in confidence by the party to whom such Material is produced or disclosed and shall not be disclosed to any person except:

a.    the Court and its officers;

b.    counsel, whether retained counsel or in-house counsel;

c.    employees of counsel;

d.    the parties, provided that the parties agree to retain the confidential nature of the Material;

e.    certified shorthand and/or professional court reporters, for purposes of

transcription and related services in connection with depositions, hearings and trial;

f.   Consultants and experts engaged by counsel or the parties to assist in this litigation;

g.   all persons to whom a party has a legal or contractual obligation to provide such Material, including a party's insurers, reinsurers, and outside, or in-house auditors; and

h.   Federal and state regulatory agencies, their employees and representatives to whom the parties have a statutory obligation to transmit information or report concerning this action.   Access by regulatory agencies to "Confidential" Material shall be limited to documents that the regulatory agencies reasonably need to review in their role as regulatory agencies.

6.   In the event the producing party elects or is otherwise required to make available for inspection, disclosure, or production any Material that the producing party deems "Confidential," the producing or disclosing party must designate each document or other Material as "Confidential" prior to the disclosure or production of the "Confidential" Material to any other party in this action.

7.   Material disclosed or produced without the designation of "Confidential" may be so designated subsequent to production or disclosure if the producing or disclosing party failed to make such designation at the time of disclosure or production

4

through inadvertence or error, or if the Material was produced prior to execution of this Protective Order.  If Material is designated as "Confidential" subsequent to disclosure or production, the receiving party or parties of the Material shall promptly collect any copies that have been provided to individuals other than those identified in paragraph 5 of this Order and shall return them to the disclosing or producing party. If Material is designated as "Confidential" subsequent to disclosure or production, the party designating such Material shall mark the Material as "Confidential" and shall produce all such marked "Confidential" Material to counsel for all parties to this action within 7 days after all such Material has been designated as "Confidential. Pursuant to Paragraph 4, contemporaneous with the production of all such Material marked as "Confidential," the producing party shall also serve all counsel with the required privilege log regarding the designation of the Material as "Confidential."

8.    A party may use Material designated by that party as "Confidential" for the prosecution or defense of claims in another proceeding ("Outside Proceeding").  A party may not use Material designated by any other party as "Confidential" for the prosecution or defense of claims in an Outside Proceeding subject to those exceptions identified in Paragraph 5.  If the Material has not been designated as "Confidential" in the Outside Proceeding, the party shall notify each other party, and any such party shall have the opportunity to seek an order that the Material is not "Confidential" as provided in paragraphs 11 and 12.

9.    Subject to paragraphs 6 and 7 of this Order, no designation of Material as

"Confidential," including the giving of testimony at a deposition or hearing, shall be effective unless, as applicable, the party making the designation: (a) receives an order from the Court or (b) affixes the Material or copies of the Material with the term "Confidential." Testimony given at a deposition may be so designated by an appropriate statement at the time of the giving of such testimony or within 14 days after the deposition is transcribed. If deposition testimony is designated as "Confidential" or if any "Confidential" Material is offered as an exhibit at a deposition, this Order shall govern the certified shorthand and/or court reporter (and such reporter's staff) performing transcription and related services with respect to such testimony and/or exhibits.

10.    Any party may use Material given, disclosed or produced by another party and designated as "Confidential" for the prosecution and defense of the claims in this action so long as the party complies with this Order. All Material given, disclosed or produced by another party and designated "Confidential" shall be used by the party receiving such Material solely for the prosecution and defense of the claims in this action and shall not be used for any business, commercial, competitive, personal or other purpose, except in response to a court order, an order of an administration tribunal, a subpoena, or search warrant, not issued in this action (collectively, an "Outside Order"), and not withstanding those exceptions identified in Paragraph 5. If any party is requested by an Outside Order to produce Material that has previously been designated as "Confidential," the party receiving an Outside Order shall not

produce any such Material unless each other party is informed of the Outside Order and is given written notice within two (2) business days after the receipt of the Outside Order.  The notice should include the date, place and time in which the testimony or production of documents is to be provided.  If the party receiving written notice objects to having such Material furnished, the objecting party may file a Motion for Protective Order or take any other steps deemed necessary to protect the "Confidential" Material. Absent such action by an objecting party, prior to the production date required by the Outside Order, the party that receives an Outside Order shall not be required to file any motion or take any other steps to object to the Outside Order.

11.     Nothing herein shall prohibit a party from seeking an Order that designated Material is not "Confidential."  However, prior to seeking any such Order from the Court, the parties disputing the "Confidential" nature of the Material shall meet and confer in good faith to attempt to resolve the dispute.

12.     No party may file documents marked as "Confidential" with the Court without first complying with the requirements of D.C.COLO.LCivR 7.2. When a party believes that materials marked as "Confidential" should not be filed as restricted, the party shall file a motion for leave to file the "Confidential" material publicly and shall include an explanation as to why the public should have access to those materials consistent with the factors set forth in D.C.COLO.LCivR 7.2(c). In such case, those materials sought to be publicly filed shall first be filed as Restricted and included as an exhibit to the motion seeking leave to file.

13.     Upon the entry of a final judgment, order, or settlement adjudicating all claims in this case, all "Confidential" Material disclosed in this action, and all copies thereof, shall be returned to the producing party within 30 days of the entry of such final judgment, order, or settlement adjudicating all claims.

14.     This Protective Order shall remain in force and effect after the termination of this litigation, or until canceled or otherwise modified by Order of this Court, or upon the written agreement by all parties.

Dated this _4ᵀᴴ_ day of _February_____, 2014,

BY THE COURT:

_____
Magistrate Judge Kristen L. Mix

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 3, 2014, the foregoing **PROPOSED PROTECTIVE ORDER** was electronically filed using the CM/ECF system, which will send notice of such filing to the following individuals:

Bradley G. Robinson, Esq.
ROBINSON WATERS & O'DORISIO PC
1099 18TH St.,   # 2600
Denver, Colorado  80202
brobinson@rwolaw.com
*Attorney for Defendant Stephen M. Swan, PA*

Matthew R Hader, Esq.
City Attorney's Office
201 W Colfax Avenue - Dept 1108
Denver, Colorado  80202
matthew.hader@denvergov.com
*Attorney for Defendants O'Neill, Lopez, and Black*

and that I served this document on Plaintiff, a non-CM/ECF participant in this matter, by U.S. Mail, first class postage prepaid, to the following address:

Dean Carbajal #110955
Arkansas Valley Correctional Facility (AVCF)
12750 Highway 96 at Lane 13
Ordway, Colorado   1034
*Plaintiff pro se*

*s/ DeAnn Jungers*

9

## HIPAA COMPLIANT AUTHORIZATION TO RELEASE MEDICAL INFORMATION
(The execution of this form does not authorize the release of information other than that specifically described below.)

| | | |
|---|---|---|
| **TO:** | **PATIENT:** | **RELEASE TO:** |
| St. Anthony Hospital Central | **NAME: DEAN CARBAJAL** | Kennedy Childs, P.C. |
| | **BIRTH DATE: JANUARY 1, 1981** | 633 17th Street, Suite 2200 |
| | | Denver, Colorado 80202 |
| | SOC SEC NO.: ~~████~~ | |

I request and authorize the above-named health plan, doctor or health care provider to release the information specified below to the organization, agency or individual named on this request. I understand that the information to be released includes information regarding the following condition(s):

| | |
|---|---|
| X  Drug Abuse, if any | X  Alcoholism or alcohol abuse, if any |
| X  Sickle Cell Anemia, if any | X  Psychological or psychiatric conditions, if any |

**INFORMATION REQUESTED:**                                    **DATES COVERED:**

___X___  Copy of history & physical, discharge summary, operative reports, psychological, psychiatric or other counseling notes

___X___  Copy of outpatient & E.R. admissions

___X___  Copy of complete hospital chart,

___X___  X-rays, MRI's, and all other imaging studies,

___X___  Patient Billing Records,

___X___  All admissions or care at this facility or by this doctor

_____  * Limited to treatment dates & for conditions described below:

In addition to above requested information, specific description of information or materials requested:

**PURPOSE(S) OR NEED FOR WHICH INFORMATION IS TO BE USED:**

___X___  Damage or claim evaluation and presentation

_____  At the request of the individual.

_____  Other:   X   Litigation

**AUTHORIZATION:**  I certify that this request has been made voluntarily and that the information given above is accurate to the best of my knowledge. This authorization will automatically expire upon satisfaction of the need for disclosure or if revoked in writing by the patient, but in any event on: _____ (date supplied by patient) or _____ days hereafter; or under the following conditions if they occur prior to the specific expiration date set forth above:

**NOTE: If no expiration date is filled in above, this release will automatically expire 1 year from the date it is signed.**

___X___  Copies of records may be supplied to all counsel, parties, witnesses or otherwise used as appropriate in litigation

_____ Other: __

**OTHER CONDITIONS:**  A copy of this Authorization or my signature thereon: ___X___ may, _____ may **not** be used with the same effectiveness as an original.

**HIPAA REQUIRED STATEMENTS:**

*I UNDERSTAND THAT NON-RESEARCH RELATED TREATMENT MAY NOT BE CONDITIONED UPON SIGNING THIS RELEASE.*

*I UNDERSTAND THAT THE INFORMATION PROVIDED UNDER THIS RELEASE MAY BE SUBJECT TO REDISCLOSURE BY THE RECIPIENT UNDER CIRCUMSTANCES NO LONGER PROTECTED BY HIPAA PRIVACY RULES*

*I UNDERSTAND THAT I MAY REVOKE THIS RELEASE AT ANY TIME, EXCEPT TO THE EXTENT THAT ACTION HAS ALREADY BEEN TAKEN TO COMPLY WITH IT. TO REVOKE THIS AUTHORIZATION, I MUST PROVIDE WRITTEN NOTICE TO THE HEALTH PLAN, DOCTOR OR HEALTH CARE PROVIDER NAMED IN THIS RELEASE AND WRITTEN NOTICE TO THE ORGANIZATION OR ENTITY TO WHOM I HAVE AUTHORIZED THE RELEASE OF INFORMATION.*

**DATED:**                          **SIGNATURE OF PATIENT:**      **PERSON AUTHORIZED TO SIGN FOR PATIENT:**

_____                 _____               _____
**MONTH/DAY/YEAR**                   **PATIENT NAME**                **PRINT OR TYPE NAME**
                                                                Relationship to Patient: _____

                                                                State How Authorized: _____

**EXHIBIT A**

## HIPAA COMPLIANT AUTHORIZATION TO RELEASE MEDICAL INFORMATION
(The execution of this form does not authorize the release of information other than that specifically described below.)

**TO:**                        **PATIENT:**                        **RELEASE TO:**

Centura Health              NAME: DEAN CARBAJAL              Kennedy Childs, P.C.
                                                             633 17ᵗʰ Street, Suite 2200
                            BIRTH DATE: JANUARY 1, 1981      Denver, Colorado 80202

                            SOC SEC NO.: █████████

I request and authorize the above-named health plan, doctor or health care provider to release the information specified below to the organization, agency or individual named on this request. I understand that the information to be released includes information regarding the following condition(s):

  X   Drug Abuse, if any                      X   Alcoholism or alcohol abuse, if any
  X   Sickle Cell Anemia, if any                X   Psychological or psychiatric conditions, if any

**INFORMATION REQUESTED:**                  **DATES COVERED:**

  X   Copy of history & physical, discharge          X   All admissions or care at this facility or by this doctor
       summary, operative reports,
       psychological, psychiatric or other counseling notes

  X   Copy of outpatient & E.R. admissions          * Limited to treatment dates & for conditions
       described below:

  X   Copy of complete hospital chart,

  X   X-rays, MRI's, and all other imaging studies,

  X   Patient Billing Records.

In addition to above requested information, specific description of information or materials requested:

**PURPOSE(S) OR NEED FOR WHICH INFORMATION IS TO BE USED:**

  X   Damage or claim evaluation and presentation

       At the request of the individual.

       Other:  X  Litigation

**AUTHORIZATION:** I certify that this request has been made voluntarily and that the information given above is accurate to the best of my knowledge. This authorization will automatically expire upon satisfaction of the need for disclosure or if revoked in writing by the patient, but in any event on: _____ (date supplied by patient) or_____ days hereafter; or under the following conditions if they occur prior to the specific expiration date set forth above:

**NOTE: If no expiration date is filled in above, this release will automatically expire 1 year from the date it is signed.**
  X   Copies of records may be supplied to all counsel, parties, witnesses or otherwise used as appropriate in litigation

_____Other: __

**OTHER CONDITIONS:** A copy of this Authorization or my signature thereon: _X_ may, ____ may not be used with the same effectiveness as an original.

**HIPAA REQUIRED STATEMENTS:**

*I UNDERSTAND THAT NON-RESEARCH RELATED TREATMENT MAY NOT BE CONDITIONED UPON SIGNING THIS RELEASE.*

*I UNDERSTAND THAT THE INFORMATION PROVIDED UNDER THIS RELEASE MAY BE SUBJECT TO REDISCLOSURE BY THE RECIPIENT UNDER CIRCUMSTANCES NO LONGER PROTECTED BY HIPAA PRIVACY RULES*

*I UNDERSTAND THAT I MAY REVOKE THIS RELEASE AT ANY TIME, EXCEPT TO THE EXTENT THAT ACTION HAS ALREADY BEEN TAKEN TO COMPLY WITH IT. TO REVOKE THIS AUTHORIZATION, I MUST PROVIDE WRITTEN NOTICE TO THE HEALTH PLAN, DOCTOR OR HEALTH CARE PROVIDER NAMED IN THIS RELEASE AND WRITTEN NOTICE TO THE ORGANIZATION OR ENTITY TO WHOM I HAVE AUTHORIZED THE RELEASE OF INFORMATION.*

**DATED:**            **SIGNATURE OF PATIENT:**        **PERSON AUTHORIZED TO SIGN FOR PATIENT:**

_____        _____                _____
MONTH/DAY/YEAR         PATIENT NAME                   PRINT OR TYPE NAME
                                                      Relationship to Patient: _____

                                                      State How Authorized: _____

## DENVER HEALTH
## AUTHORIZATION TO DISCLOSE
## HEALTH INFORMATION                    MR# _____

Patient Name  Dean Carbajal _____ Date of Birth _____ Soc. Sec. No. _____
                                                              mm/dd/yy

Address _____

City _____ State _____ Zip Code _____ Telephone No. _____

---

### AUTHORIZATION TO RELEASE DENVER HEALTH MEDICAL RECORDS

[X] I request that Denver Health disclose my health information to the following:

Facility/Office/Company/Person  Matthew R. Hader, Denver Assistant City Attorney

Address  201 West Colfax Avenue, #1108

City  Denver _____ State  CO  Zip Code  80202

The information to be disclosed to the above Facility/Office/Company shall include: □ view  or [X] copy

Admission/Discharge Date(s) _____
                                                Please check
                                                appropriate box.

| | | | |
|---|---|---|---|
| □ Discharge Summary | □ Consultation | □ Operative Report | □ Pathology Report |
| □ Emergency Room Report | □ Laboratory Reports | □ Radiology Report | [X] Entire Medical Record |
| □ Billing Record | □ Radiologic Images | □ Denver CARES | |
| | | □ Other (Specify) _____ | |

I understand that by checking any boxes below I have given permission to give out confidential information related to drug and alcohol treatment records that are protected by federal law (42 CFR, Part 2); or HIV; or Mental Health.

If these boxes are not checked, this information will not be released.

[X] Diagnosis and/or treatment relating to drug or alcohol abuse
[X] Diagnosis and/or treatment relating to mental health conditions
[X] Diagnosis and/or treatment relating to HIV testing, infection or diagnosis and/or treatment for AIDS

I request that the Denver Health medical records be:

[X] Mailed directly to the facility/office/company/person specified above

□ Faxed to the following number    Fax Number _____

□ Telephone me when the copies are ready for pickup          Telephone number _____

□ I authorize the following person to pick up my medical records    Name _____

□ I authorize _____ to give verbal information regarding my treatment to the following person/s:

_____          _____

These records will be used/disclosed for the purpose of  Litigation _____

---

### REQUEST TO VIEW DENVER HEALTH MEDICAL RECORDS

□ I do hereby request the opportunity to inspect my medical record(s). I promise not to make any entries, marks, additions or deletions to the records I may inspect. I understand that if I wish to have copies of my medical record I will complete the top portion of this form.

### PATIENT OR PERSONAL REPRESENTATIVE SIGNATURE

I understand that I have a right to revoke this authorization at any time. I understand that if I revoke this authorization I must do so in writing and present my written revocation to the Health Information Management department. I understand that the revocation will not apply to information that has already been released in response to this authorization. This authorization will automatically expire 180 days from the date of my signature.

I understand that authorizing the disclosure of this health information is voluntary. I need not sign this form in order to ensure treatment. I understand that I may inspect or copy the information to be used or disclosed, as provided in CFR 164.524. I understand that any disclosure of information carries with it the potential for an unauthorized re-disclosure and the information may not be protected by federal confidentiality rules. I understand that a fee may be charged. A copy of facsimile of this authorization is to be considered as valid as the original. If I have questions about disclosure of my health information, I can contact the Health Information Management department at (303) 602-8000.

Patient/Personal Representative Signature _____ Date _____
                                                                              mm/dd/yy

Personal Representative Relationship _____





EXHIBIT
R

AR Form 950-02 (05/15/12)

**COLORADO DEPARTMENT OF CORRECTIONS**
**CLINICAL SERVICES**
**AUTHORIZATION FOR USE AND DISCLOSURE OF HEALTH INFORMATION**

Offender Name_____ DOB_____ Offender #_____

I authorize Colorado Department of Corrections (CDOC) (its employees and staff) to disclose to:
Name: Matthew Hader                Company: Denver Assistant City Attorney
Address: 201 W. Colfax Ave. 1108   City: Denver          State: CO
Zip: 80202    Phone 720-913-3100            AND/OR
I authorize (other facility) _____ to disclose to the CDOC, facility: _____
Address_____ Phone:_____ Requested by:_____
_____ Urgent request for patient care; fax to:_____
_____ Routine request for patient care; mail to address above:

I authorize the following information to be released and/or disclosed:
Date of service: __Complete Medical File with Colorado Department of Corrections__
_____Immunization Record          _____Progress Notes
_____History/Physical Exam         _____Physician Orders
_____Emergency Room Reports        _____Operative/Procedure Reports
_____Consultant Reports            _____Medications
_____Lab Reports                   _____Behavioral Health
_____X-ray Reports                 Other:_____

The purpose of this disclosure is to be used for: ____Continuity of Care   X_Legal Purposes
____ At the request of the individual   Other: _____

I understand that:
- The information disclosed may contain testing information or treatment information relating to Mental Health; Drug and/or Alcohol Abuse treatment; Sexually Transmitted Diseases; HIV/AIDS virus.
- Once the information is disclosed, the information is subject to re-disclosure and may no longer be protected by the federal privacy regulations.
- This authorization will expire in one year from the date signed below.
- This form may be revoked at any time providing that the information has not already been disclosed. I may revoke this authorization by notifying in writing, the Medical Records staff at the facility.
- CDOC may not use as a condition of treatment, payment, enrollment or eligibility for benefits on whether the individual signs this authorization except as allowed by law.
- I am entitled to a copy of this signed authorization.

_____          _____
Printed offender name            Printed name of person authorized to sign for offender
Date of Birth

_____          _____
Offender Signature               Signature of person authorized to sign for the offender
Date                             Date

Offender or Personal Representative's Acknowledgement of Access to Health Records:
I herby acknowledge that I or the designated representative has inspected ___ and/or have received ___ photocopies of the health records of CDOC for the above named offender.

Signature:_____ Date:_____
Attending Mental Health Provider's Acknowledgement of Patient's Request for Access to Mental Health Records:

I hereby acknowledge the request of the name-offender to ___ inspect and/or ___ receive photocopies of health record. The records ___ do not or ___ do contain information relating to psychiatric problems or doctors' notes which, if revealed to the patient, would have a significant negative psychological impact upon him/her.  If access is denied, please contact the Chief of Mental Health.

_____                    _____
Signature of Mental Health Provider          Date
                    Attachment "A"
                    Page 1 of 1


EXHIBIT C