IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02257-REB-KLM

DEAN CARBAJAL,

    Plaintiff,

v.

ST. ANTHONY CENTRAL HOSPITAL, a corporation,
CENTURA HEALTH, a corporation,
STEPHAN M. SWAN, Physician Assistant, in his official and individual capacities,
GREGORY J. ENGLUND, Registered Nurse, in his official and individual capacities,
MARCI L. HANSUE, Registered Nurse, in her official and individual capacities,
MICHAEL O'NEILL, Police Officer for the Denver Police Department, in his official and individual capacities,
JAY LOPEZ, Police Officer for the Denver Police Department, in his official and individual capacities,
LARRY BLACK, Police Officer for the Denver Police Department, in his official and individual capacities, and
APEX, a corporation,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion to Quash Denver Defendants' Third Party Subpoena Served Upon Colorado Department of Corrections and Arkansas Valley Correctional Facility** [#190] (the "Motion"). Defendants Michael O'Neill, Jay Lopez, and Larry Black (collectively, the "Denver Defendants") filed a Response [#204] in opposition to the Motion. Plaintiff filed a Reply [#205].

Plaintiff is a state prisoner presently incarcerated at the Arkansas Valley Correctional Facility in Ordway, Colorado. In the present Motion, Plaintiff objects to the Denver

Defendants' Third Party Subpoenas, which were apparently served on the Colorado Department of Corrections and Arkansas Valley Correctional Facility. The subpoenas respectively state:

> Please send all mailing records and mail logs, especially records from the Arkansas Valley Correctional Facility, associated with Dean Carbajal, #110955. This shall include all records relating to Plaintiff's use of the inmate mail system at Arkansas Valley Correctional Facility.

*Ex. A to Response* [#204-1].

> Please send 1) all logs of phone calls placed by Dean Carbajal, #110955, from his arrival at Arkansas Valley Correctional Facility. Only paper recordings are required, audio recordings and digital files are NOT required. 2) A list of all persons Dean Carbajal has permitted to call include [sic] their names and phone numbers, since arrival at Arkansas Valley Correctional Facility.

*Ex. B to Response* [#204-2]. Plaintiff asks the Court to quash these two subpoenas in their entirety.

The rule in this district is that a party has no standing to quash a subpoena served on a third party, except as to claims of privilege or on a showing that a privacy issue is implicated. *I'mnaedaft, Ltd. v. The Intelligent Office Sys.*, No. 08-cv-01804-LTB-KLM, 2009 WL 1537975, at *4 (D. Colo. May 29, 2009); *Mona Vie, Inc. v. Amway Corp.*, No. 08-cv-02464-WDM-KLM, 2009 WL 524938, at *2 (D. Colo. Mar. 2, 2009); *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo.1997); *Broadcort Capital Corp. v. Flagler*, 149 F.R.D. 626, 628 (D. Colo.1993). Plaintiff asserts that the requested records are both private and privileged. *See Motion* [#190] at 4.

Regarding privacy, the Court notes that the subpoenas request only ingoing and outgoing records of mail and telephone communication, including names, telephone numbers, and the date and time of each communication. *Exs. A & B to Response* [#204-1,

-2]. Importantly, no access to the *content* of mail and telephone communications are requested by the Denver Defendants. *See id.* Prison log books "inherently are records that are compiled for law enforcement purposes, as they document [the prison's] core law enforcement responsibility of protecting inmates, staff, and the community." *Jordan v. U.S. Dep't of Justice*, No. 07-cv-02303-REB-KLM, 2009 WL 2913223, at *24 (D. Colo. Sept. 8, 2009) (citing 18 U.S.C. § 4042). Plaintiff cites to no case, and the Court finds none, in which inmate mail and telephone logs have been deemed privileged. Plaintiff argues, however, that the Fourth Amendment protects him from having these logs produced by CDOC. The Court disagrees. The Tenth Circuit Court of Appeals has determined that even much higher levels of intrusion into a prisoner's mail and telephone communications are permissible:

> Even if defendant reasonably believed his calls were private and protected by the Fourth Amendment, "no prisoner should reasonably expect privacy in his outbound telephone calls. Although prisoners do not forfeit all their privacy rights at the jailhouse steps, they do have those rights severely curtailed." [*United States v. Van Poyck*, 77 F.3d 285, 291 (9th Cir. 1996)] (citations omitted). We agree with the Ninth Circuit that "any expectation of privacy in outbound calls from prison is not objectively reasonable and that the Fourth Amendment is therefore not triggered by the routine taping of such calls." *Id.*; *see also* [*United States v. Workman*, 80 F.3d 688, 694 (2d Cir. 1996)]; *United States v. Gordon*, 168 F.3d 1222, 1228 (10th Cir. 1999) (prison regulations permit no expectation of privacy in mail). This conclusion conforms to our precedent that expectations of privacy are "diminished by the exigencies of prison security," *Romo v. Champion*, 46 F.3d 1013, 1018 (10th Cir. 1995), (quoting *Blackburn v. Snow*, 771 F.2d 556, 563 (1st Cir. 1985)); *see also Boren v. Deland*, 958 F.2d 987, 988 (10th Cir. 1992); and mirrors our analysis under Title III that defendant's implied consent to monitoring vitiates his expectation of privacy in his inmate calls. *See United States v. Turner*, 209 F.3d 1198, 1200 (10th Cir. 2000).

*United States v. Gangi*, 57 F. App'x 809, 815 (10th Cir. 2003). Thus, the Court finds that Plaintiff has no privacy interest in the prison logs of his incoming and outgoing mail and

telephone communications.

Although the Court finds that Plaintiff has no separate privacy interest in the logs, Plaintiff may still assert privilege. Here, Plaintiff appears to assert the work product doctrine.[1] *See id.* Pursuant to Fed. R. Civ. P. 26(b)(3)(B), work product documents are only protected if they contain "mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." *See Larson v. One Beacon Ins. Co.*, No. 12-cv-03150-MSK-KLM, 2013 WL 2477150, at *10 (D. Colo. June 10, 2013). The documents requested by the Denver Defendants, however, only consist of mailing and telephone records and logs. *Exs. A & B to Response* [#204-1, -2]. The subpoenas specifically exclude any audio or digital recordings of Plaintiff's telephone conversations. *Ex. B to Response* [#204-2]. The prison facility's records simply cannot contain any of Plaintiff's "mental impressions, conclusions, opinions, or legal theories." Fed. R. Civ. P. 26(b)(3)(B). Thus, Plaintiff's assertion of this privilege fails.

Liberally read, Plaintiff's pleading *may* also assert attorney-client privilege. *See Motion* [#190] at 5 (stating that "[p]risoners have long been held entitled to unobstructed and confidential communication with courts, attorneys, and their assistants"); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that the filings of pro se litigants must be liberally construed). However, the attorney-client privilege only applies to, as the name suggests, an attorney-client relationship, and Plaintiff proceeds in this matter as a

---

[1] For purposes of ruling on the Motion, the Court assumes, without deciding, that the work product doctrine applies to the work of a pro se, non-lawyer party. *See, e.g.*, *Carbajal v. Warner*, No. 10-cv-02862-REB-KLM, 2013 WL 1129429, at *8 n.3 (D. Colo. Mar. 18, 2013) (citing *McKenzie v. McNeil*, No. 4:11cv45–RH/WCS, 2012 WL 695108, at *1 (N.D. Fla. Mar. 1, 2012)).

pro se litigant. *See United States v. Ruedlinger*, No. 97-40012-01-RDR, 1998 WL 45002, at *2 (D. Kan. Jan. 7, 1998) (stating that "the defendant must understand that, although he is representing himself, he is not an attorney and he is not entitled to the privileges and benefits that an attorney would receive") (citing *Moorhead v. Lane*, 125 F.R.D. 680, 687 (C.D. Ill. 1989)). Thus, to the extent Plaintiff may be asserting this privilege, it fails as a matter of law.

Accordingly, based on the foregoing, Plaintiff lacks standing to quash the subpoenas served on the Colorado Department of Corrections and Arkansas Valley Correctional Facility. The Court therefore does not consider his arguments relating to the reasonableness of the subpoenas and the relevance of the requested information.

IT IS HEREBY **ORDERED** that the Motion [#190] is **DENIED**.

Dated: June 2, 2014

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge