**PUBLISH**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO
### Judge Robert E. Blackburn

Civil Action No.  12-cv-02257-REB-KLM

DEAN CARBAJAL,

    Plaintiff,

v.

ST. ANTHONY CENTRAL HOSPITAL, a corporation, ET AL.,

    Defendants.

### ORDER OVERRULING PLAINTIFF'S CONTEMPORANEOUS
### OBJECTION TO MAGISTRATE JUDGE'S JULY 30, 2014 ORDER [#226]

**Blackburn, J.**

The matter before me is **Plaintiff Mr. Carbajal's Contemporaneous Objection to Magistrate Judge Kristen L. Mix's July 30, 2014 Order [#226]** [#231],[1] filed August 19, 2014.  I overrule the objections.

Plaintiff's objections pertain to non-dispositive matters that have been referred to the magistrate judge for resolution.  Under 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(a), I may modify or set aside any portion of a magistrate judge's order which I find to be clearly erroneous or contrary to law.  Moreover, because plaintiff is proceeding *pro se*, I have reviewed his filings more liberally than pleadings or papers filed by attorneys. ***See, e.g., Erickson v. Pardus***, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d

---

[1]  "[#231]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

1081 (2007); **Haines v. Kerner,** 404 U.S. 519, 520-21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).

Having reviewed the magistrate judge's order, the apposite motion, response, and reply, and plaintiff's objections, I conclude that the magistrate judge's order is not clearly erroneous or contrary to law. Plaintiff seeks the issuance of 25 subpoenas *duces tecum*, seeking documents from third parties who are not named defendants. Although certain of the defendants in this case filed a response to the motion asking the court to quash these subpoenas, the magistrate judge correctly noted that these defendants lacked standing to do so. Nevertheless, relying on the court's inherent authority to protect parties and non-parties alike from oppressive use of process, the magistrate judge considered whether the information sought by the subpoenas was relevant to plaintiff's claims. With respect to certain of the subpoenas, she concluded in the negative, and therefore denied in part plaintiff's motion.

By his objection, plaintiff asserts that the language of Fed R. Civ. P. 45 vests the court with no such discretion to determine the relative merits of his subpoenas *duces tecum* prior to issuance. In other words, plaintiff asserts that the court must issue, and the US Marshal's Service must serve, his subpoenas without further inquiry, and may review them for burdensomeness and relevance only if and when quashal is sought by an implicated non-party. The law, however, is to the contrary.

While it is true that the court's "inherent powers must be exercised with great caution" and only in "exceptional circumstances," they do operate within the realm

where "congressionally authorized powers fail to protect the processes of the court." ***Chambers v. NASCO, Inc***. 501 U.S. 32, 64, 111 S.Ct. 2123, 2143, 115 L.Ed.2d 27 (1991) (Scalia, J., dissenting) (citation and internal quotation marks omitted). This is one such circumstance. "Rule 45 provides little practical protection to the Marshals Service or non-parties against service of unreasonable, abusive, or frivolous subpoenae." ***Jackson v. Brinker***, 1992 WL 404537 at *5 (S.D. Ind. Dec. 21, 1992). Numerous courts thus have relied on the court's inherent authority to bridge that gap, finding the discretion necessary to deny issuance of subpoenas which are irrelevant, frivolous, unduly burdensome, or harassing. ***See, e.g***, ***Manning v. Lockhart***, 623 F.2d 536, 539 (8th Cir.1980); ***Christian v. Ford***, 2014 WL 2480585 at *1-2 (E.D. Mo. June 3, 2014); ***Hughes v. Friedman*** 2013 WL 93177 at *1-2 (D. Ariz. Jan. 8, 2013); ***Andrade v. Oba*** 2009 WL 650469 at *1 (D. Colo. March 11, 2009); ***Leadbetter v. City of Fort Wayne***, 2007 WL 2323109 at *1-2 (N.D. Ind. Aug. 10, 2007); ***Tuvalu v. Woodford***, 2006 WL 3201096, at *5 (E.D.Cal. Nov. 2, 2006), ***adopted***, 2008 WL 2774571 (E.D. Cal. July 15, 2008); ***Jackson***, 1992 WL 404537 at *6.

The necessity of exercising the court's inherent authority to prevent abuse of process is especially keen when the requesting party is proceeding *in forma pauperis*, as plaintiff does in this case. Although Rule 45 does offer some protection against burdensome and unreasonable subpoenas, both in the process of and after service,

> [b]ecause indigent parties are largely immune from monetary deterrents, sanctions can't be relied on as an effective protection for the Marshals Service and non-parties against service of unreasonable or abusive subpoenae. *In forma pauperis* parties often proceed *pro se* as well, thus lessening the deterrent effect of threatening sanctions for submission

> of legally unreasonable, but innocently-intentioned, subpoenae. The possibility of quashing or modifying an unreasonable subpoena comes too late to prevent the costs incurred by its service.

*Jackson*, 1992 WL 404537 at *5. Other courts have noted that an indigent civil plaintiff's right to subpoenas "cannot be less than its discretion to refuse to subpoena witnesses for an indigent defendant in a criminal prosecution" under Federal Rule of Criminal Procedure 17(b), which imposes, *inter alia*, a requirement that the indigent defendant make a showing of materiality of witness testimony before a subpoena will issue at government expense. *Estep v. United States*, 251 F.2d 579, 582 (5th Cir. 1958). *See also Coleman v. St. Vincent de Paul*, 144 F.R.D. 92, 96 (E.D. Wis. 1992) ("An IFP litigant should only be entitled to subpoena witnesses for trial at government expense after a preliminary and complete showing of the materiality and necessity of each witness."). Nothing in Rule 45 requires the court, the Marshals Service, nor the non-parties to whom the subpoenas are directed to shoulder the burden and expense attendant on the service of and response to facially improper subpoenas. Indeed, such inefficiency and expense are contrary to the overarching purpose of the Federal Rules of Civil Procedure. *See* **FED. R. CIV. P.** 1.

The exercise of the court's inherent authority to undertake the task prior to service is informed by considerations of relevance, as developed and understood in the context of Rule 26(b)(1). *See Hughes*, 2013 WL 93177 at *1; *Stockdale v. Stockdale* 2009 WL 4030758 at *1 (E.D. Mo. Nov. 18, 2009); *Avery v. Pazos* 2007 WL 4284729 at *1-2 (E.D. Cal. Dec. 5, 2007); *Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 591 (D. Kan. 2003). The magistrate judge relied on precisely those considerations

here, invoking the broad conception of relevance appropriate in these circumstances. Even under that expansive standard, however, the magistrate judge found many of plaintiff's document requests untenable. Nothing in plaintiff's objections to the magistrate judge's thorough and well-reasoned consideration of these issues convinces me that her determinations in this regard were clearly erroneous or contrary to law.

**THEREFORE, IT IS ORDERED** that the objections stated in **Plaintiff Mr. Carbajal's Contemporaneous Objection to Magistrate Judge Kristen L. Mix's July 30, 2014 Order [#226]** [#231], filed August 19, 2014, are **OVERRULED**.

Dated October 6, 2014, at Denver, Colorado.

                                        **BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge