IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02257-REB-KLM

DEAN CARBAJAL,

    Plaintiff,

v.

ST. ANTHONY CENTRAL HOSPITAL, a corporation,
CENTURA HEALTH, a corporation,
STEPHAN M. SWAN, Physician Assistant, in his official and individual capacities,
GREGORY J. ENGLUND, Registered Nurse, in his official and individual capacities,
MARCI L. HANSUE, Registered Nurse, in her official and individual capacities,
MICHAEL O'NEILL, Police Officer for the Denver Police Department, in his official and individual capacities,
JAY LOPEZ, Police Officer for the Denver Police Department, in his official and individual capacities,
LARRY BLACK, Police Officer for the Denver Police Department, in his official and individual capacities, and
APEX, a corporation,

    Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion to Compel** [#258][1] (the "Motion"). Defendants filed Responses [#268, #270, #271] in opposition to the Motion, and Plaintiff filed a Reply [#275].[2] The Court has reviewed these documents,[3] the entire case

---

    [1] "[#258]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

    [2] Plaintiff also directs the Court's attention to and incorporates his related arguments in Plaintiff's Motion for Extension of Time or Stay of Proceedings Until the Medical and Denver Defendants Comply With [Their] Discovery Obligations [#253] and Plaintiff's Declaration of Dean

-1-

file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motion [#258] is **DENIED**.

In the present Motion [#258], Plaintiff seeks to compel responses to written discovery by Defendants. Defendants argue in part that Plaintiff's Motion [#258] is untimely. *See, e.g.*, *Response* [#271] at 2. While the Federal Rules of Civil Procedure do not provide a deadline for filing a motion to compel, courts look to the discovery deadline when determining whether a motion to compel is timely. *Nw. Territory Ltd. P'ship v. Omni Properties, Inc.*, No. CIVA 05CV02407-MJW-PAC, 2006 WL 3618215, at *1 (D. Colo. Dec. 11, 2006). Factors that may be considered include: "(1) the length of time since the discovery deadline expired; (2) the length of time that the moving party has known about the discovery; (3) whether the discovery deadline has been extended; (4) the explanation for the tardiness or delay in filing the motion to compel; (5) whether dispositive motions have been scheduled or filed; (6) the age of the case; (7) any prejudice to the party from whom the discovery is being sought; and (8) any disruption of the court's schedule." *Id.*

Regarding the first factor, i.e., the length of time since the discovery deadline expired, Plaintiff first brought these issues to the Court's attention on October 30, 2014, in his Motion for Extension of Time or Stay of Proceedings Until the Medical and Denver

---

Carbajal [#254]. The Court has accordingly also reviewed these documents in connection with the adjudication of this Motion [#258].

[3] The Court must construe the filings of a pro se litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, a pro se litigant must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

Defendants Comply With [Their] Discovery Obligations [#253] (the "Motion for Extension"), nearly fifteen weeks after the close of discovery on these issues.[4]  The Court finds that this factor weighs against the timeliness of Plaintiff's Motion.  *See Mollinger-Wilson v. Quizno's Franchise Co.*, 122 F. App'x 917, 920 (10th Cir. 2004) (holding that it was not an abuse of discretion to find that a motion to compel was untimely when filed after expiration of the discovery deadline).

Regarding the second factor, i.e., the length of time that the moving party has known about the discovery, Plaintiff appears to have known about the initial discovery responses by all Defendants no later than December 2013.  Plaintiff sent his First Set of Written Discovery Requests to All Defendants [#268-1, #271-1] between November 7 and 21, 2013.  The St. Anthony Defendants responded on December 17, 2013. [#268-3, #268-4].  The Denver Defendants responded on December 18, 2013. [#271-2, #271-3, #271-4, #271-5, #271-6].  Defendants Swan and Apex also responded on December 18, 2013. [#270-1].  The St. Anthony Defendants supplemented their responses on April 17, 2014 [#268-5], after the Court entered a Protective Order [#172].  Thus, at the time Plaintiff first brought these issues to the Court's attention, Plaintiff had known about the responses for between six-and-a-half to ten-and-a-half months.  The Court finds that this factor weighs against the timeliness of Plaintiff's Motion.

Regarding the third factor, i.e., whether the discovery deadline has been extended, on August 15, 2013, the Court entered an order setting the discovery cut-off to April 15,

---

[4] Discovery closed in this matter on July 18, 2014, *Minute Order* [#211], although partial extensions of the discovery deadline were granted for discovery unrelated to the focus of the present Motion [#258].

2014. *Minute Order* [#145] at 2. The discovery deadline was later extended to July 18, 2014. *Minute Order* [#211]. In addition, the discovery deadline was partially extended to September 8, 2014, for the sole purposes of continuing Plaintiff's deposition and to allow nonparties to respond to Plaintiff's subpoenas issued by the Court on July 30, 2014. *Minute Order* [#228]. Thus, the deadline on the discovery pertinent to the Motion [#258] was extended by approximately three months, i.e., by fifty percent over the original six-month discovery period. The Court finds that this factor weighs against the timeliness of Plaintiff's Motion.

Regarding the fourth factor, i.e., the explanation for the tardiness or delay in filing the Motion, Plaintiff provides no compelling reasons for his delay. He states that the Motion is based on Fed. R. Civ. P. 56(f), and is therefore timely. *Reply* [#275] at 2. Yet, Rule 56(f) has nothing to do with compelling discovery. That rule concerns judgment independent of a motion, and provides: "After giving notice and a reasonable time to respond, the court may: (1) grant summary judgment for a nonmovant; (2) grant the motion on grounds not raised by a party; or (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute." However, Plaintiff may be referring to an outdated version of the Federal Rules of Civil Procedure. Before 2010, current Rule 56(d) was Rule 56(f). *Chavez v. Cnty. of Bernalillo*, 3 F. Supp. 936, 968 (D.N.M. 2014). Even assuming, *arguendo*, that Plaintiff intended to refer to Rule 56(d), it does not provide *carte blanche* for re-opening discovery after the filing of a Motion for Summary Judgment. Rule 56(d) provides: "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to

obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Generally, a party's Rule 56(d) application "should be liberally treated." *Jensen v. Redevelopment Agency of Sandy City*, 998 F.2d 1550, 1554 (10th Cir. 1993). But Rule 56(d) "is not a license for a fishing expedition," *Lewis v. Ft. Collins*, 903 F.2d 752, 758 (10th Cir. 1990), and should be denied if "dilatory or lacking in merit." *Jensen*, 998 F.2d at 1554. The Rule is not intended to permit late discovery simply because a party failed to determine that he needed certain evidence to oppose a motion for summary judgment, or failed to

> timely file a motion to compel related to previously-received discovery responses. Rule 56(d) may not be invoked based solely upon the assertion that discovery is incomplete or that specific facts necessary to oppose summary judgment are unavailable. *See Jensen*, 998 F.2d at 1554. Moreover, while the summary judgment movant's exclusive control of information weighs heavily in favor of relief under 56(d), *see Price ex rel. Price v. W. Res., Inc.*, 232 F.3d 779, 783 (10th Cir. 2000), merely asserting such is insufficient to justify denial of summary judgment, *see Jensen*, 998 F.2d at 1554. Furthermore, "if the party filing the Rule 56[(d)] affidavit has been dilatory, or the information sought is either irrelevant to the summary judgment motion or merely cumulative, no extension will be granted." *Id.* (denying a 56(d) request stating "the record reflect[ed] that plaintiffs were dilatory in pursuing discovery prior to the filing of their 56[(d)] affidavit"). *See Johnson v. Holmes*, 377 F. Supp. 2d 1039, 1044-45 (D.N.M. 2004) (denying a 56(d) request where plaintiff did not explain why, during the discovery period that the court allowed, he did not obtain the discovery sought in his motion).

*Chavez*, 3 F. Supp. 3d at 198-69. Thus, under Rule 56(d), dilatory requests for discovery must be adequately explained. Here, Plaintiff has failed to do so. The purpose behind the discovery process is to allow the parties to timely and efficiently gather information needed to present disputes to the trier of fact. Here, however, Plaintiff first brought these issues to the Court's attention fifteen weeks after the close of written discovery and three weeks after the dispositive motions deadline—i.e., precisely when his Responses to the Motions for Summary Judgment [#239, #241, #243] were due. The timing therefore leads the Court

to conclude that Plaintiff neglected to obtain the discovery he believes is necessary to respond to the Motion for Summary Judgment before the discovery deadline, and is belatedly attempting to remedy that problem. Although Plaintiff's early attempts to resolve discovery issues with opposing counsel without involving the Court were appropriate, *see, e.g.*, Supplement to Pl.'s Motion to Compel [#260] at 1, the long delay in notifying the Court of his problems with Defendants' discovery responses appears to be without justification.[5] The Court therefore finds that this factor weighs against the timeliness of Plaintiff's Motion. *See Nw. Territory Ltd. P'ship v. Omni Properties, Inc.*, No. CIVA 05CV02407-MJW-PAC, 2006 WL 3618215, at *1 (D. Colo. Dec. 11, 2006).

Regarding the fifth factor, i.e., whether dispositive motions have been scheduled or filed, the dispositive motions deadline was October 8, 2014, *Minute Order* [#228], and Defendants timely filed Motions for Summary Judgment [#239, #241, #243]. Plaintiff raised the issues underlying his Motion approximately three weeks later. The Court finds that this factor weighs against the timeliness of Plaintiff's Motion. *See Flynn v. Health Advocate, Inc.*, No. CIV.A.03-3764, 2005 WL 288989, at *8 (E.D. Pa. Feb. 8, 2005) (holding that a motion to compel discovery filed after summary judgment motions were filed was untimely).

Regarding the sixth factor, i.e., the age of the case, Plaintiff initiated this lawsuit on August 23, 2012. *Compl.* [#1]. The lawsuit has now entered its third year of litigation. The Court finds that this factor weighs against the timeliness of Plaintiff's Motion.

---

[5] Plaintiff generally refers to a variety of circumstances that he states caused the delay in filing his Motion, *see Motion for Extension* [#253] at 12, but there is no indication as to how these circumstances could have prevented Plaintiff from the Motion for such a long period of time. Indeed, Plaintiff's many filings in this and his other lawsuits prevent the Court from attributing significant weight to Plaintiff's general allegations in connection with the great delay that occurred here.

Regarding the seventh factor, i.e., any prejudice to the party from whom the discovery is being sought, the Court finds that at this late stage of litigation, forcing Defendants to reopen discovery and expend additional time and resources on it would be prejudicial, especially as there is no clear indication that some of the documents Plaintiff requests exist. *See, e.g.*, *Response* [#270] at 5. The Court finds that this factor weighs against the timeliness of Plaintiff's Motion.

Regarding the eighth factor, i.e., any disruption of the Court's schedule, the Court notes that the briefing schedule for dispositive motions has already been disrupted by Plaintiff's Motion, which must be resolved before adjudicating the motions for summary judgment. *See, e.g.*, *Schneider v. CitiMortgage, Inc.*, No. 13-4094-SAC, 2014 WL 6632939, at *1 (D. Kan. Nov. 21, 2014). However, adjudication of the Motion and the subsequent delay in adjudication of the Motions for Summary Judgment are unlikely to impact any other settings in this matter. *See Order* [#252] (setting the Final Pretrial Conference and Trial Preparation Conference for July 24, 2015, and a Jury Trial for August 10, 2015). The Court therefore finds that this factor is neutral.

Weighing the relevant factors, the Court finds that Plaintiff's Motion [#258] is untimely. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#258] is **DENIED**.

Dated: December 15, 2014

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge