IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02257-REB-KLM

DEAN CARBAJAL,

    Plaintiff,

v.

ST. ANTHONY CENTRAL HOSPITAL, a corporation,
CENTURA HEALTH, a corporation,
STEPHAN M. SWAN, Physician Assistant, in his official and individual capacities,
GREGORY J. ENGLUND, Registered Nurse, in his official and individual capacities,
MARCI L. HANSUE, Registered Nurse, in her official and individual capacities,
MICHAEL O'NEILL, Police Officer for the Denver Police Department, in his official and individual capacities,
JAY LOPEZ, Police Officer for the Denver Police Department, in his official and individual capacities,
LARRY BLACK, Police Officer for the Denver Police Department, in his official and individual capacities, and
APEX, a corporation,

    Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's[1] **Motion to File Amended Complaint** [#284][2] (the "Motion"). Defendants filed Responses [#286, #287 #293] in opposition to the

---

[1] Plaintiff proceeds as a pro se litigant. The Court must construe the filings of pro se litigants liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be a pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [a pro se litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, pro se litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

[2] "[#284]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system

Motion.[3] Pursuant to 28 U.S.C. § 636(b) and D.C.COLO.LCivR 72.1(c), the Motion has been referred to the undersigned for a recommendation regarding disposition.[4] For the reasons set forth below, the Court **RECOMMENDS** that the Motion [#284] be **DENIED.**

As a preliminary matter, the deadline for the amendment of pleadings was February 19, 2014. *Minute Order* [#167]. Therefore, the Motion is untimely. "Because Plaintiff filed his Motion after the deadline for amending the pleadings, the Court employs a two-step analysis, first determining whether Plaintiff has shown good cause to modify the [Scheduling Order under Fed. R. Civ. P. 16(b)(4), and] then evaluating whether Plaintiff has satisfied the standard for amendment of pleadings under [Fed. R. Civ. P.] 15(a)." *Nicastle v. Adams Cnty. Sheriff's Office*, No. 10-cv-00816-REB-KMT, 2011 WL 1465586, at *1 (D. Colo. Mar. 14, 2011), *adopted by* 2011 WL1464588 (Apr. 18, 2011); *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000). Plaintiff is entitled to amend his complaint only if he makes the requisite showing at each step of the analysis. The two-step analysis has been explained as follows:

> Rule 16(b)[(4)]'s good cause standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b)[(4)] does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, good cause means

---

(CM/ECF). This convention is used throughout this Recommendation.

[3] A motion may be ruled on at any time after it is filed. D.C.COLO.LCivR 7.1(d).

[4] A magistrate judge may issue orders on nondispositive motions only. *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1461, 1462-63 (10th Cir. 1988). Whether motions to amend are dispositive is an unsettled issue. *Chavez v. Hatterman*, No. 06-02525-WYD-MEH, 2009 WL 82496, at *1 (D. Colo. Jan. 13, 2009) (collecting cases). When an order denying a motion to amend removes or precludes a defense or claim from the case it may be dispositive. *Cuenca v. Univ. of Kan.*, 205 F. Supp. 2d 1226, 1228 (D. Kan. 2002). For the purposes of resolving the present Motion, the Court assumes that the issue is dispositive and requires a recommendation.

>that the scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this Court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension."

*Pumpco, Inc. v. Schenker Int'l. Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) (citations omitted); *accord Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997), *aff'd*, 129 F.3d 116 (4th Cir. 1997) ("Rule 16(b)[(4)]'s 'good cause' standard is much different than the more lenient standard contained in Rule 15(a). . . . Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts . . . ."). If Plaintiff fails to show good cause under Rule 16(b)(4), there is no need for the Court to move on to the second step of the analysis, i.e., whether Plaintiff has satisfied the requirements of Rule 15(a). *Nicastle*, 2011 WL 1465586, at *3.

### A. Good Cause to Modify the Pleading Amendment Deadline

A Scheduling Order deadline, such as the pleading amendment deadline, "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). As noted above, to demonstrate good cause pursuant to Rule 16, the moving party must "show that it [was] diligent in attempting to meet the [pleading amendment] deadline, which means it must provide an adequate explanation for any delay." *Minter v. Prime Equip. Co.*, 451 F3d 1196, 1205 n.4 (10th Cir. 2006). "While rigid adherence to the pretrial scheduling order is not advisable," *see SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1519 (10th Cir. 1990), this Court finds that compliance with the pleading amendment deadline is particularly important because of the capacity of an amendment to change the complexion of the case.

Here, Plaintiff filed his Motion on December 23, 2014, more than ten months after

-3-

the expiration of the pleading amendment deadline established in the Scheduling Order [#167]. Plaintiff appears to contend that he has good cause for moving to amend after the expiration of the deadline, because "the legal [theories, such as assault and battery,] presented now are in line with the original factual pleadings, and are merely expressed formally in a revised complaint. The dynamic of this case has not changed." *Motion* [#284] at 2. In addition, Plaintiff's Motion could also be interpreted to allege that good cause is shown because (1) the proposed claims are strong, (2) Defendants would not be prejudiced, and (3) discovery would not be substantially impacted. *Id.* However, these assertions are not relevant to the good cause inquiry and do not advance Plaintiff's position. *See Pumpco,* 204 F.R.D. at 668 (explaining that good cause is not evidenced by the impact of the amendment on the nonmoving party, rather it is only justified by diligence of the moving party). By Plaintiff's own admission, the legal theories he now attempts to assert involve "the same facts and defenses" that have been part of this lawsuit since its inception. *Motion* [#284] at 2. Plaintiff articulates no excuse for his failure to file a motion to extend the pleading amendment deadline before it expired, and he has directed the Court's attention to no specific discovery supporting his new causes of action. Even if such discovery was received by Plaintiff, he has not explained why he delayed from September 8, 2014, when the discovery deadline passed, to late December before filing the present Motion.

Given Plaintiff's knowledge of "the facts and defenses" well in advance of the amendment deadline, the Court finds that the proposed amendments should have and could have been brought, with the exercise of diligence, at or before the expiration of the pleading amendment deadline. The pleading amendment deadline requires that parties

conduct discovery efficiently and promptly in order to timely comply. *See Granite Southlands Town Cntr. v. Alberta Town Cntr., LLC*, No. 09-cv-00799-ZLW-KLM, 2010 WL 2635524, at *2 (D. Colo. June 8, 2010), *adopted by* 2010 WL 2635527 (June 28, 2010) (noting that "deadlines to amend a party's pleading are set at the outset of the case to require [parties] to prioritize their discovery and attempt to obtain information that may be relevant to claim amendment sooner rather than later."); *Sanchez v. City & Cnty. of Denver ex rel. Bd. of Water Comm'rs*, No. 07-cv-01805-MSK-BNB, 2007 WL 4557842, at *1 (D. Colo. Dec. 20, 2007) (noting that "the purpose of the deadline to amend and add [parties] contained in the Scheduling Order is to force the parties to make any known amendments immediately so that all discovery in the case, including the earliest discovery, is taken with the claims and defenses as the parties expect them to be"). Plaintiff's delayed strategy to seek amendment of the complaint after the amendment deadline, after the close of discovery, and after motions for summary judgment have been filed "does not evidence diligence on Plaintiff's part." *Granite Southlands Town Ctr. LLC*, 2010 WL 2635524, at *2; *Dilmar Oil Co.*, 986 F. Supp. at 980 ("Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.").

Plaintiff has failed to show that, with diligence, he could not have requested leave to amend his complaint on or before the pleading amendment deadline. Accordingly, the Court concludes that Plaintiff has not demonstrated that he was unable to meet the pleading amendment deadline despite the exercise of due diligence. Therefore, Plaintiff does not establish good cause for the modification of the Scheduling Order and does not satisfy the first step of the amendment analysis.

    **B.**    **Rule 15(a) Requirements**

Because Plaintiff has not shown good cause for seeking leave to amend his complaint after the expiration of the pleading amendment deadline, the Motion is subject to denial on this basis alone. *Colo. Visionary Acad.*, 194 F.R.D. at 688 (denying an untimely motion to amend solely on the basis of a failure to establish "good cause" within the meaning of Rule 16(b)(4)); *First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc.*, 820 F.2d 1127, 1132 (10th Cir. 1987) ("We hold that a district court acts within the bounds of its discretion when it denies leave to amend for 'untimeliness' or 'undue delay.' Prejudice to the opposing party need not be shown also."); *cf. Minter*, 451 F.3d at 1205 (explaining that lateness itself does not justify denial of a motion to amend, but "undue" lateness may). Accordingly, the Court does not analyze the Motion under the standard set forth in Fed. R. Civ. P. 15(a). *Nicastle*, 2011 WL 1465586, at *3 ("Because the Court finds no good cause to amend the scheduling order, [it] will not address whether leave to amend is appropriate under Rule 15."); *see also Schneider v. City of Grand Junction, Colo.*, No. 10-cv-01719-MSK-KLM, slip op. (D. Colo. Apr. 25, 2011) [Docket No. 77], *adopted by* slip op. (July 12, 2011) [Docket No. 87] (reviewing untimely motion to amend only as to good cause standard pursuant to Fed. R. Civ. P. 16(b)(4)).

For the reasons set forth above, the Court **RECOMMENDS** that the Motion [#284] be **DENIED**.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo

review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147–48 (1985), and also waives appellate review of both factual and legal questions, *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: January 15, 2015

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge