**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-02257-REB-KLM

DEAN CARBAJAL,

    Plaintiff,

v.

ST. ANTHONY CENTRAL HOSPITAL, a corporation, et al.,

    Defendants.

**ORDER OVERRULING OBJECTIONS TO AND ADOPTING
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

    The matters before me are (1) the **Recommendation of United States Magistrate Judge** [#298],[1] filed January 15, 2015; and (2) **Plaintiff Mr. Carbajal's Contemporaneous Objection to the Honorable Magistrate Kristen Mix's Recommendation [#298] Denying Leave To Amend** [#307], filed February 17, 2015. I overrule the objection, adopt the recommendation, and deny the apposite motion to amend the complaint.

    As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed, and have considered carefully the recommendation, objections, and applicable caselaw. Moreover, because plaintiff is proceeding *pro se*, I have construed his pleadings more liberally and held them to a less

---

    [1] "[#298]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

stringent standard than formal pleadings drafted by lawyers.  **See Erickson v. Pardus**, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).  Nevertheless, plaintiff's objections are imponderous and without merit.

Plaintiff's motion to amend relied exclusively on the liberal standard for amendment of pleadings set forth in Fed. R. Civ. P. 15(a).  However, as the magistrate judge cogently explained, where, as here, the deadline for the amendment of pleadings set forth in the apposite scheduling order has passed, a party must first meet the more rigorous good cause standard contemplated by Rule 16(b)(4).  As detailed in the recommendation, plaintiff admitted that the new legal theories he wished to assert by way of amendment were based on the same facts and defenses asserted in the original pleading.  As plaintiff offered no explanation in his motion why these theories could not have been raised prior to the expiration of the deadline for the amendment of pleadings (some ten months prior to the filing of the instant motion), the magistrate judge properly concluded that he failed to demonstrate diligence in the bringing of these claims, and thus recommends that his motion be denied.

By way of his objection, plaintiff radically reverses course[2] and now argues that

---

[2] This reversal actually plays out within the context of the objection itself.  Indeed, plaintiff opens his objection by insisting that his proposed amendment is meant merely to tease out legal theories that were latent in the original complaint:

> The Defendants' motions for summary judgment and their designation of claims asserted was a compelling factor in Mr. Carbajal's amending of the pleading by limiting the claims to simply those labeled in the complaint, and that have ignored each of the alternative theories that are well plead in the complaint . . . Hence, the Plaintiff's good faith effort to clarify the theories of liability that will be raised at trial and that are

he could not have met the deadline because the information on which his proposed amended complaint is based is new and was withheld from him until recently.[3] This argument fails on both procedural and substantive grounds. Procedurally, plaintiff failed to present these arguments in his motion, and thus he has waived them. **United States v. Garfinkle**, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."); **Marshall v. Chater**, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

Substantively, and even assuming *arguendo* that I accept plaintiff's wholly unsubstantiated assertion that defendants improperly delayed producing evidence, plaintiff fails to demonstrate how that evidence justifies the proposed amendment to the pleadings in any event, let alone at this very late stage of the proceedings. Plaintiff offers no particulars of the content of the allegedly belated Rule 26 disclosures that he claims "revealed details concerning the defendants' action, including additional evidence

---

supported by the evidence.

(**Obj.** at 1.)

To the extent this is the thrust of plaintiff's motion, it should have come as no surprise to him, as a seasoned litigant, that claims not pleaded specifically in an operative complaint are not preserved for ultimate presentation to a trier of fact. **See Zokari v. Gates**, 561 F.3d 1076, 1086 (10th Cir. 2009) (noting that court's precedents do not support construction of Rule 8(e) to "construe[] complaints to raise any legal theory supported by the allegations of the complaint"); **Evans v. McDonald's Corp.**, 936 F.2d 1087,1091 (10th Cir. 1991) ("We do not believe, however, that the liberalized pleading rules permit plaintiffs to wait until the last minute to ascertain and refine the theories on which they intend to build their case.")

[3] Plaintiff also implies that the magistrate judge erred in ruling on his motion without awaiting the benefit of his reply to defendants' response thereto. As the magistrate judge herself noted (***see* Recommendation** at 2 n.3), the Local Rules of Practice of the United States District Court for the District of Colorado vest her with discretion in deciding when to rule on a motion. **See D.C.COLO.LCivR** 7.1(d) ("Nothing in this rule [governing the timing of the service and filing of responses and replies] precludes a judicial officer from ruling on a motion at any time after it is filed.").

that supported another invasion of privacy claim."[4] (**Obj.** at 5.) His suggestion that dispatch records received in December 2014 support amendment is likewise unsubstantiated. Plaintiff claims this evidence contains references to other officers whom, he speculates, might have relevant information. Aside from the fact that there is nothing other than wild conjecture to support even the barest inference that these officers have relevant knowledge of the underlying facts of this case, plaintiff's proposed amended complaint adds neither new factual information nor names new defendants. He thus has failed to show any nexus between this information and the content of his proposed amendment.

Aside from these compelling considerations, I note that motions for summary judgment now have been filed and briefed, and are ripe for determination. It would be a perversion of the Federal Rules of Civil Procedure to allow plaintiff to make his case a moving target in the manner proposed here:

> A busy district court need not allow itself to be imposed upon by the presentation of theories seriatim. Liberality in amendment is important to assure a party a fair opportunity to present his claims and defenses, but equal attention should be given to the proposition that there must be an end finally to a particular litigation. . . . Much of the value of summary judgment procedure in the cases for which it is appropriate . . . would be dissipated if a party were free to rely on one theory in an attempt to defeat a motion for summary judgment and then, should that theory prove unsound, come back along thereafter and fight on the basis of some other theory.

**Pallottino v. City of Rio Rancho**, 31 F.3d 1023, 1027 (10th Cir. 1994) (citations and

---

[4] In addition, plaintiff fails to explain why, after receiving this allegedly revelatory new information in July 2014, he waited until December 2014 to seek leave to amend the complaint. This five-month gap further shows a lack of diligence on his part, which cunctation is the antithesis of the finding of good cause contemplated under Rule 16(b)(4). **See Pumpco, Inc. v. Schenker International, Inc.**, 204 F.R.D. 667, 668 (D. Colo. 2001).

4

internal quotation marks omitted).  *See also Hayes v. Whitman*, 264 F.3d 1017, 1027 (10th Cir. 2001) ("'[W]e do not favor permitting a party to attempt to salvage a lost case by untimely suggestion of new theories of recovery.'") (quoting *Viernow v. Euripides Development Corp.*, 157 F.3d 785, 800 (10th Cir. 1998)); *Evans v. McDonald's Corp.*, 936 F.2d 1087,1091 (10th Cir. 1991) ("We do not believe, however, that the liberalized pleading rules permit plaintiffs to wait until the last minute to ascertain and refine the theories on which they intend to build their case.").

Therefore, I find and conclude that the arguments advanced, authorities cited, and findings of fact, conclusions of law, and recommendation proposed by the magistrate judge should be approved and adopted.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#298], filed January 15, 2015, is approved and adopted as an order of this court;

2. That the objections stated in **Plaintiff Mr. Carbajal's Contemporaneous Objection to the Honorable Magistrate Kristen Mix's Recommendation [#298] Denying Leave To Amend** [#307], filed February 17, 2015, are overruled;

3. That **Plaintiff's Motion To File Amended Complaint** [#284], filed December 23, 2104, is denied.

Dated March 27, 2015, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge

5