IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02257-REB-KLM

DEAN CARBAJAL,

    Plaintiff,

v.

ST. ANTHONY CENTRAL HOSPITAL, a corporation,
CENTURA HEALTH, a corporation,
STEPHAN M. SWAN, Physician Assistant, in his official and individual capacities,
GREGORY J. ENGLUND, Registered Nurse, in his official and individual capacities,
MARCI L. HANSUE, Registered Nurse, in her official and individual capacities,
MICHAEL O'NEILL, Police Officer for the Denver Police Department, in his official and individual capacities,
JAY LOPEZ, Police Officer for the Denver Police Department, in his official and individual capacities,
LARRY BLACK, Police Officer for the Denver Police Department, in his official and individual capacities, and
APEX, a corporation,

    Defendants.
_____

# MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion to Reopen Discovery for the Purpose of Disclosing Mr. Carbajal's Recent Diagnosis and Treatment for an Infection Related to His Catheterization, and for a Court Ordered Medical Examination** [#314] (the "Motion"). If the Court's Recommendation [#317] regarding Defendants' pending Motions for Summary Judgment [#239, #241, #243] is adopted in full, the only remaining claims will be for excessive force against the Denver Defendants when they restrained Plaintiff during the catheterization procedure. In the Recommendation, the Court found that there was not sufficient evidence of liability on the part of any Defendant regarding the catheterization procedure itself. *See, e.g.*, *Recommendation* at 21 (finding that Plaintiff failed to provide the requisite expert opinion testimony to establish that the catheterization procedure was not properly performed), 28 (finding that there was insufficient evidence of causation with respect to the search and seizure claim against the Denver Defendants). In the Motion [#314], Plaintiff seeks to reopen discovery regarding

the alleged lasting effects of the catheterization procedure he underwent on August 28, 2010. He does not seek to reopen discovery with respect to any injuries sustained by him from the allegedly excessive force used by the Denver Defendants to restrain him while the procedure was performed by medical personnel. Under those circumstances, damages arising from the catheterization procedure itself are irrelevant. For example:

> If a plaintiff pleads unlawful arrest, but fails to plead excessive force, he is entitled to reasonable damages from the unlawful arrest, but not damages from any excessive force employed. This is because the claims of unlawful arrest and excessive force are separate and independent. In the case before us, Plaintiff pled excessive force and unlawful arrest separately. Therefore, if Defendants' use of force in effecting Plaintiff's unlawful arrest is found to be reasonable, Plaintiff recovers his damages under his unlawful arrest claim. If Plaintiff proves Defendants' use of force in effecting Plaintiff's arrest was excessive, Plaintiff recovers damages for any excessive force in addition to the damages he received for the reasonable force employed in executing his unlawful arrest.

*Romero v. Story*, 672 F.3d 880, 890 n.8 (10th Cir. 2012). Thus, "[i]f successful in proving his excessive force claim, the plaintiff 'is entitled to damages arising from that excessive force.'" *Romero v. Story*, 672 F.3d 880, 890 (10th Cir. 2012) (citations omitted). Plaintiff is not also entitled to damages from the catheterization procedure, which was not directly performed by any of the Denver Defendants and for which the Court has found that insufficient causation exists with respect to Plaintiff's other claims. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#314] is **DENIED**.[1]

Dated: April 13, 2015

---

[1] If the Recommendation is not adopted in full, Plaintiff may file a Motion to Reconsider with respect to the present Motion [#314].