**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-02257-REB-KLM

DEAN CARBAJAL,

    Plaintiff,

v.

ST. ANTHONY CENTRAL HOSPITAL, a corporation,
CENTURA HEALTH, a corporation,
APEX, a corporation,
STEPHAN M. SWAN, Physician Assistant, in his individual capacity,
GREGORY J. ENGLAND, Registered Nurse, in his individual capacity,
MARCI L. HANSUE, Registered Nurse, in his individual capacity,
MICHAEL O'NEILL, Police Officer for the Denver Police Department, in his individual capacity,
JAY LOPEZ, Police Officer for the Denver Police Department, in his individual capacity,
LARRY BLACK, Police Officer for the Denver Police Department, in his individual capacity,

    Defendants.

**ORDER OVERRULING OBJECTIONS TO AND ADOPTING
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

The matters before me are (1) the **Recommendation of United States Magistrate Judge** [#317],[1] filed April 7, 2015; (2) the **Denver Defendants' Objections to Recommendation of United States Magistrate Judge** [#323], filed May 5, 2015; and (3) **Plaintiff Dean Carbajal's Contemporaneous Objections to the United States Magistrate Judge Kristen Mix's Recommendation** [#326], filed May 21, 2015.

---

[1] "[#317]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

I overrule both defendants' and plaintiff's respective objections, adopt the recommendation, and grant the various motions for summary judgment which are the subject of the magistrate judge's recommendation.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed. I have considered carefully the recommendation, objections, and applicable caselaw.

Moreover, because plaintiff is proceeding *pro se*, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. See **Erickson v. Pardus**, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

The Denver defendants' objection suggests the magistrate judge erred in refusing to consider the merits of plaintiff's claim of excessive force against them even though defendants did not raise the issue in their initial motion.[2] As the magistrate judge aptly noted, arguments raised for the first time in a reply brief are deemed waived. (**Recommendation** at 36.) **Minshall v. McGraw Hill Broadcasting Co.**, 323 F.3d 1273, 1288 (10th Cir. 2003). Considerations of fairness and the orderly and efficient administration of cases and determination of claims require no less. See **United States v. Lewis**, 594 F.3d 1270, 1285 (10th Cir.) (party "may not hold [a] specific ... [argument]

---

[2] The magistrate judge also concluded that Mr. Carbajal was a pretrial detainee at the time of the events made the subject of this lawsuit, and therefore that his claim of excessive force arises exclusively under the Fourteenth (rather than the Fourth) Amendment. (**See Recommendation** at 36-39.) I concur.

in reserve until it is too late for the [other side] to respond"), **cert. denied**, 130 S.Ct. 3441 (2010); ***Plant Oil Powered Diesel Fuel Systems, Inc. v. ExxonMobil Corp.***, 2012 WL 1132527 at *15 (D.N.M. March 22, 2012) (noting that rule prevents "endless back-and-forth" of ongoing briefing that would make the issues to be determined "a moving target") (citation and internal quotation marks omitted); ***EEOC v. International Paper Co.***, 1992 WL 370850 at *10 (D. Kan. Oct. 28, 1992) ("The paper exchanges between parties must have an end point and cannot be permitted to become self perpetuating."). Having expressly designated their motion as one for *partial* summary judgment (***see*** [#239], filed October 8, 2014), the Denver defendants put forth no principled basis on which to save them from what appears to have been a conscious and deliberate choice to forgo resolution of this claim by way of summary judgment.

Contrary to defendants' arguments, nothing in the Supreme Court's decision in ***Scott v. Harris***, 550 U.S. 372, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007), alters the sound and well-established principle of waiver. For one thing, the court has found no case applying ***Scott*** where the movant failed to initially join a particular issue in its motion for summary judgment, as was done here. Moreover, the exception recognized in ***Scott*** to the general principle that evidence on summary judgment must be viewed in the light most favorable to the nonmoving party applies only in the exceedingly rare instance when the nonmovant's evidence is "blatantly contradicted" by the record. ***Scott***, 127 S.Ct. at 1776. In ***Scott*** and cases which have applied it, such blatant contradiction took the form of an incontrovertible video or audio recording of relevant

events.  (**See Recommendation** at 6-9 (discussing cases).)[3]  Lacking such hard evidence here, the Denver defendants' arguments amount to little more than the assertion that Mr. Carbajal's version of events is not credible.[4]  Yet credibility determinations are particularly unsuited for resolution by summary judgment.  *Hirase–Doi v. U.S. West Communications, Inc.*, 61 F.3d 777, 785 n.4 (10th Cir. 1995).  The Denver defendants' objections accordingly are overruled and the magistrate judge's recommendation adopted as to Mr Carbajal's claim of excessive force under the Fourteenth Amendment as against them.  That claim therefore remains for trial.

The magistrate judge recommended granting summary judgment as to the remainder of Mr. Carbajal's claims in this lawsuit.  To the extent not otherwise set forth herein, Mr. Carbajal's objections are so vague and generalized as to evade review.  **See United States v. 2121 E. 30th St.**, 73 F.3d 1057, 1060 (10th Cir.) ("[A] party's objections to the magistrate judge's report and recommendation must be both timely *and specific* to preserve an issue for . . . appellate review."), **cert. denied**, 117 S.Ct. 271 (1006) (emphasis added).  Similarly, Mr. Carbajal's renewed attempt to inject new claims into this lawsuit is not cognizable in the context of an objection to the magistrate judge's

---

[3]  The Denver defendants belatedly tried to introduce documentary and photographic evidence which they claimed undermined Mr. Carbajal's version of events.  I denied this request, which was made in the context of seeking leave to file a reply to objections to the magistrate judge's recommendation.  (*See* **Order Denying Motion For Leave To File Reply in Support of Denver Defendants' Objections to Recommendation of the United States Magistrate Judge** [#333],1 filed June 16, 2015.)  Here again, the principle espoused in *Scott* does not absolve a party of the general requirement to join all issues on which it seeks judgment by its initial motion.

[4]  The Denver defendants actually characterize Mr. Carbajal's version of events as "implausible," but Mr. Carbajal is not alleging that the moon is made of green cheese or that he was abducted by aliens.  The mere fact that Mr. Carbajal's version of events differs markedly from defendants' recollections does not in itself render his account implausible.

recommendation. **D.C.COLO.LCivR** 7.1(d).  Moreover, the court already has rebuffed similar efforts to further expand the scope of the litigation further.  (*See* **Order Overruling Objections to and Adopting Recommendation of the United States Magistrate Judge** [#316], filed March 27, 2015 (adopting magistrate judge's recommendation to deny plaintiff's out-of-time motion to amend the complaint).)  I therefore again reject Mr. Carbajal's continuing efforts to recast and expand his claims, especially now that trial is imminent.

The court perceives three cognizable, overarching objections in Mr. Carbajal's overlong submission.[5]  None ultimately has merit.  First, Mr. Carbajal refers repeatedly to the purported inadmissibility of defendants' summary judgment evidence. Procedurally, his failure to raise this issue in his responses to the summary judgment motions constitutes a waiver of the objection.  *Minshall*, 323 F.3d at 1288. Substantively, Mr. Carbajal's complaint is misplaced in any event.

> [I]n order to be considered on a motion for summary judgment, factual support need only be presented 'in a form that would be admissible in evidence.'  There is no requirement that the evidence be actually admitted or

---

[5]  After being denied leave to file an objection in excess of the page limitations (*see* **Minute Order** at 2 [#322], filed April 24, 2015), Mr. Carbajal submitted a 34-page objection, together with a motion for leave to file it (*see* **Plaintiff Dean Carbajal's Motion for Leave To File an Objection to the Magistrate's Recommendation in Excess of the Standard Page Limitation** [#327], filed May 26, 2015).  Only three pages of this motion for leave were actually docketed, although it appears plain that such is not the full extent of the motion.  Nothing in that portion of the motion which was filed demonstrates good cause to exceed the court's reasonable page limitations by more than double.  (In addition, Mr. Carbajal misquotes the court's Practice Standards, which do not include a paragraph IV.B.3, much less suggest that complexity or numerosity of issues constitute good cause for granting an extension of the page limitations.)

Moreover, I perceive nothing in the objection itself that justifies the requested extension.  The sheer number of claims notwithstanding, the objection is unnecessarily repetitive and bloviated. Nevertheless, since I have read and considered the entirety of Mr. Carbajal's submission to the extent it states cognizable objections, I will deny his motion as moot.

5

>authenticated for the Court to consider it on a motion for summary judgment, as long as it would be admissible if duly authenticated.

***Digital Advertising Displays, Inc. v. Newforth Partners, LLC***, 2014 WL 1292931 at *3 (D. Colo. March 31, 2014) (internal citation omitted).[6]  Defendants' evidence meets this standard.[7]  This objection therefore has no traction.

Second, Mr. Carbajal objects throughout to the magistrate judge's crediting of Mr. Swan's assertion that his decision to catheterize Mr. Carbajal was based on medical necessity and informed by his own medical judgment, independent of Officer Black's contemporaneous request for a urinalysis.  This finding effectively disposes of all Mr. Carbajal's constitutional claims against the medical defendants, as it negates the crucial showing of joint action necessary to make these private actors liable for constitutional torts under section 1983.  **See *Adickes v. S.H. Kress & Co***, 398 U.S. 144, 152, 90 S.Ct. 1598, 1605-06, 26 L.Ed.2d 142 (1970).[8]

---

[6] Nothing in Rule 56(c)(4) (miscited by Mr. Carbajal as Rule 56(e)(1)) is to the contrary.  The rule merely sets forth the requirements for affidavits submitted in support of a motion for summary judgment.  It does not require that affidavits be presented in every instance.

[7] Relatedly, plaintiff's suggestion that medical defendants have proffered "sham affidavits" is both procedurally and substantively deficient.  A "sham affidavit" is one which makes a statement directly contrary to previous sworn testimony in an attempt to defeat summary judgment by manufacturing a dispute of material fact.  **See *Law Co., Inc. v. Mohawk Construction & Supply Co.***, 577 F.3d 1164, 1169 (10th Cir. 2009).  Such is not the nature of Mr. Carbajal's complaint as to medical defendants' affidavits here, however.  Instead, he principally seems concerned with the affidavits' admittedly bare bones averments.  As stated elsewhere herein, however, the burden of proof rests squarely on Mr. Carbajal – defendants need do nothing more than point out the absence of evidence supporting any one or more elements of his claims against them.  It therefore is not incumbent on them to substantiate their assertions in the manner Mr. Carbajal's objection contemplates.

[8] The magistrate judge thoroughly and cogently discussed the applicability of each of the four alternative tests applied in this circuit to determine whether private actors can be held liable under 42 U.S.C. § 1983.  (**See Recommendation** at 9-13.)  I concur with her conclusion that the joint-action test is the proper rubric under which to judge Mr. Carbajal's constitutional claims against the medical defendants in this lawsuit.

6

Mr. Carbajal vehemently contests this conclusion, but I must concur with the magistrate judge that there is no competent, non-conclusory summary judgment evidence to undermine Mr. Swan's determination that a urinalysis was medically necessary before he could release Mr. Carbajal to police custody. This suggestion is borne out by the medical record, which documents Mr. Carbajal's altered mentation and demonstrates hospital staff's concern that he was suicidal.[9]  (*See* **Defendant Stephen M. Swan and Apex's Motion for Summary Judgment**, App., Exh. 2 at 15, 35 [#241-2], filed October 8, 2014.)

The scant facts alleged by Mr. Carbajal in response are insufficient to create a genuine dispute for trial.[10]  There is nothing self-evident in his conclusion that a urinalysis was unnecessary because blood previously had been drawn, and nothing more than Mr. Carbajal's own conclusory, lay opinion suggests as much. Mr. Carbajal also appears to find the timing of Mr. Swan's decision suspicious, noting that Mr. Swan only demanded a urinalysis after Officer Black claimed one was needed. Yet in the absence of any other evidence that a urinalysis was not medically indicated, this series of events is but a mere scintilla of evidence, insufficient to withstand summary

---

[9] Although Mr. Carbajal claims that no urinalysis was performed, this assertion is plainly belied by the record.  (*See* **Defendant Stephen M. Swan and Apex's Motion for Summary Judgment**, App., Exh. 2 at 6, 18, 36, 46 [#241-2], filed October 8, 2014.)

[10] Except as specifically recounted herein, Mr. Carbajal's other assertions are not facts, but merely conclusions. Such conclusory assertions do not become more probative merely because they are made under oath in the context of a deposition or affidavit.

Moreover, Mr. Carbajal's attempts to suggest a factual dispute by citing globally to multi-page affidavits, voluminous records, and lengthy, undifferentiated portions of his deposition transcript create no burden on the court to hunt down latent evidence in support of his claims. As I have told Mr. Carbajal before, "[j]udges are not like pigs, hunting for truffles buried in briefs." ***Carbajal v. City and County of Denver***, 2012 WL 592871 at *2 (D. Colo. Feb. 23, 2012), ***aff'd***, 502 Fed. Appx. 715 (10th Cir. Sept. 25, 2012), ***cert. denied***, 134 S.Ct. 103 (2013) (citation and internal quotation marks omitted).

7

judgment.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."); *Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1175 (10th Cir. 1999) ("A mere scintilla of evidence supporting the nonmoving party's theory does not create a genuine issue of material fact.").  I thus overrule this objection, in all its iterations, as well.

Third and finally, Mr. Carbajal perceives unfairness in the magistrate judge's recommendation to dismiss his claim of negligence against the medical defendants for failure to proffer an expert opinion establishing that defendants breached the applicable standard of care.  *See Galardo v. United States*, 752 F.3d 865, 871 (10th Cir. 2014). He points out that the magistrate judge previously denied his request for appointment of a medical expert and suggests that it is inequitable for her to instead accept defendants' opinions that the standard of care was met.

There are at least two problems with this argument.  Procedurally, Mr. Carbajal's request for an expert was considered and denied by the magistrate judge nearly a year ago.[11]  (*See Order* [#220], filed July 11, 2014.)  Pursuant to Fed. R. Civ. P. 72(a), Mr. Carbajal had 14 days from the date of that order in which to file objections.  His failure to do so prevents this court from considering his objections at this late date.[12]  **FED. R.**

---

[11] Mr. Carbajal's submission of the expert witness deposition of one Dr. Steven Richard Smith in an unrelated case is wholly ineffectual.  There is nothing before the court which suggests that Dr. Smith's testimony in that case has any bearing on the particular facts of this case.

[12] Nor is it appropriate to move for the appointment of an expert in the context of filing objections to the magistrate judge's decision.  **D.C.COLO.LCivR** 7.1(d) ("A motion shall be made in a separate document.").

**CIV. P.** 72(a) ("A party may not assign as error a defect in the order not timely objected to."); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991) (noting that courts of this circuit apply "a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate. . . . [which] provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions."). *See also Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996) (rule applies equally to *pro se* litigants so long as recommendation notifies the parties of the consequences of failure to file written objections).[13]

Substantively, Mr. Carbajal again appears to misunderstand the burden of proof

---

[13] Even if I were to consider the substance of Mr. Carbajal's belated objection, I perceive no clear error in the magistrate judge's decision to deny his motion for the appointment of an expert. *See* **FED. R. CIV. P.** 72(a). Procedurally, the magistrate judge properly construed Mr. Carbajal's request as arising under Rule 706, rather than as brought under Rule 35. *See Smith v. Carroll*, 602 F.Supp.2d 521, 526 (D. Del. 2009) ("Rule 35, however, does not vest the court with authority to appoint an expert to examine a party wishing an examination of himself. Instead, under appropriate circumstances, it allows the court to order a party to submit to a physical examination at the request of an opposing party.").

Substantively, the court has broad discretion under Rule 706 to determine whether appointment of an expert is indicated. *See Gaviria v. Reynolds*, 476 F.3d 940, 945 (D.C. Cir.), *cert. denied*, 128 S.Ct. 240 (2007). That discretion certainly is expansive enough to permit the court to appoint an expert, at least where "compelling circumstances" are shown. *See U.S. Marshals Service v. Means*, 741 F.2d 1053, 1059 (8th Cir. 1984). *See also Hannah v. United States*, 523 F.3d 597, 601 n.2 (5th Cir. 2008) (citing cases). Nevertheless, nothing in the rule or the cases interpreting it *compels* a court to grant a request for appointment of an expert, either. *Hannah*, 523 F.3d at 601 n.2. So long as the judge provides a reasoned explanation for her decision, as was done here, the denial of the request to appoint an expert does not constitute an abuse of discretion, even when the failure to appoint an expert on plaintiff's behalf dooms his claim to failure. *See Gaviria*, 476 F.3d at 945-46; *Ford v. Mercer County Correctional Center*, 171 Fed. Appx. 416, 420 (3rd Cir. March 22, 2006); *Pedraza v. Jones*, 71 F.3d 194, 197 n.5 (5th Cir. 1995); *Rueben v. United States*, 2014 Wl 5460574 at *3-4 (E.D. Ark. Oct. 27, 2014), *appeal docketed* (8th Cir. Dec. 16, 2014) (No. 14-3819) ; *Smith v. Rees*, 2011 WL 3236635 at *5-6 (W.D. Ky. July 28, 2011). Indeed, many courts find it wholly inappropriate to use Rule 706 to assist only one party to the case or to essentially become an advocate for the *pro se* plaintiff. *See Pedraza*, 71 F.3d at 197 n.5; *Graves v. Correctional Medical Service*, 2015 WL 1823456 at *9 (W.D.N.Y. April 22, 2015), *appeal docketed* (2nd Cir. May 18, 2015) (No. 15-1621); *Honeycutt v. Snider*, 2011 WL 6301429 at *2 (D. Nev. Dec. 16, 2011); *Whooten v. Bussanich*, 2007 WL 295398 at *5 (M.D. Pa. Jan. 29, 2007), *aff'd*, 248 Fed. Appx. 324 (3rd Cir. Sept. 12, 2007); *Tangwell v. Robb*, 2003 WL 23142190 at *4 (E.D. Mich. Dec. 23, 2003).

attendant on him. For it is not defendants' burden to prove that they met the standard of care, but rather Mr. Carbajal's to show that they did not. Colorado law requires that he produce an expert to testify to that effect. *Galardo*, 752 F.3d at 871. Because he has failed to do so, his claim of negligence cannot survive summary judgment.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#317], filed April 7, 2015, is approved and adopted as an order of this court;

2. That the objections stated in **Denver Defendants' Objections to Recommendation of United States Magistrate Judge** [#323], filed May 5, 2015, are overruled;

3. That the objections stated in **Plaintiff Dean Carbajal's Contemporaneous Objections to the United States Magistrate Judge Kristen Mix's Recommendation** [#326], filed May 21, 2015, are overruled;

4. That the **Denver Defendants' Partial Motion for Summary Judgment** [#239], filed October 8, 2014, is granted[14];

5. That **Defendants Stephen M. Swan and Apex's Motion for Summary Judgment** [#241], filed October 8, 2014, is granted;

6. That **The St. Anthony Defendants' Motion for Summary Judgment** [#243], filed October 8, 2014, is granted;

---

[14] As noted above, the Denver defendants did not move for summary judgment on Mr. Carbajal's claim of excessive force against them. Therefore, the motion need not be denied in part as to the claim thus omitted, as the magistrate judge recommends.

7. That **Plaintiff Dean Carbajal's Motion for Leave To File an Objection to the Magistrate's Recommendation in Excess of the Standard Page Limitation** [#327], filed May 26, 2015, is denied as moot;

8. That with the exception of Mr. Carbajal's claim of excessive force in violation of the Fourteenth Amendment against defendants, Lopez, O'Neill, and Black in their individual capacities, all other claims in this lawsuit are dismissed with prejudice;

9. That at the time judgment enters, judgment with prejudice shall enter as follows:

    a. On behalf of defendants, St. Anthony Central Hospital, a corporation; Centura Health, a corporation; Stephan M. Swan, Physician Assistant, in his individual capacity; Gregory J. Englund, Registered Nurse, in his individual capacity; Marci L. Hansue, Registered Nurse, in her individual capacity; and Apex, a corporation, against plaintiff, Dean Carbajal, as to all claims for relief and causes of action asserted against them in this action; and

    b. On behalf of defendants, Michael O'Neill, Police Officer for the Denver Police Department, in his individual capacity; Jay Lopez, Police Officer for the Denver Police Department, in his individual capacity; and Larry Black, Police Officer for the Denver Police Department, in his individual capacity, against plaintiff, Dean Carbajal, as to all claims for relief and causes of action asserted against them, other than Mr. Carbajal's claim of excessive force in violation of the Fourteenth Amendment; and

10.  That defendants, St. Anthony Central Hospital, a corporation; Centura Health, a corporation; Stephan M. Swan, Physician Assistant, in his individual capacity; Gregory J. Englund, Registered Nurse, in his individual capacity; Marci L. Hansue, Registered Nurse, in her individual capacity; and Apex, a corporation, are dropped as named parties to this action, and the case caption amended accordingly.

Dated June 23, 2015, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge