IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02257-REB-KLM

DEAN CARBAJAL,

    Plaintiff,

v.

ST. ANTHONY CENTRAL HOSPITAL, a corporation,
CENTURA HEALTH, a corporation,
STEPHAN M. SWAN, Physician Assistant, in his official and individual capacities,
GREGORY J. ENGLUND, Registered Nurse, in his official and individual capacities,
MARCI L. HANSUE, Registered Nurse, in her official and individual capacities,
MICHAEL O'NEILL, Police Officer for the Denver Police Department, in his official and individual capacities,
JAY LOPEZ, Police Officer for the Denver Police Department, in his official and individual capacities,
LARRY BLACK, Police Officer for the Denver Police Department, in his official and individual capacities, and
APEX, a corporation,

    Defendants.
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on the Denver Defendants' **Motion for Leave to Take Videotaped Preservation Depositions of Out-of-State Witnesses Gregory J. Englund and Marci L. Hansue** [#337] (the "Motion"). The Denver Defendants seek leave to either (1) take videotaped preservation depositions of former defendants Gregory J. Englund ("Englund") and Marci L. Hansue ("Hansue") for use at trial, or (2) allow these witnesses to testify at trial via contemporaneous transmission pursuant to Fed. R. Civ. P. 43(a). Fed. R. Civ. P. 43(a) states, in relevant part, that "For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." Mr. Englund now lives in New Hampshire and Ms. Hansue now lives in Arizona. Each is therefore outside of the 100-mile radius of Denver within which Fed. R. Civ. P. 45(c)(1)(A) allows persons to be subpoenaed to testify at trial. Neither is willing to travel to Colorado to testify at trial. However, both have indicated that they would be willing to appear by videoconference in

order to provide testimony at trial.

  IT IS HEREBY **ORDERED** that the Motion [#337] is **GRANTED** to the extent that the Defendant Defendants seek to allow Mr. Englund and Ms. Hansue to testify at trial via contemporaneous transmission pursuant to Fed. R. Civ. P. 43(a).

  IT IS FURTHER **ORDERED** that the Denver Defendants shall arrange for a notary public to be present for the examination of Mr. Englund and Ms. Hansue at their locations in order to identify, swear the witnesses, and affirm that no one else is physically present during the examination who would influence the witnesses' testimony.

  IT IS FURTHER **ORDERED** that the Denver Defendants shall ensure that identical copies of the exhibits presented at trial by both Defendants and Plaintiff shall be made available to Mr. Englund and Ms. Hansue during their testimony.

  Dated:  July 1, 2015