# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Action No. 12-cv-02257-REB-KLM

DEAN CARBAJAL,

    Plaintiff,

v.

MICHAEL O'NEILL, Police Officer for the Denver Police Department, in his individual capacity,
JAY LOPEZ, Police Officer for the Denver Police Department, in his individual capacity,
LARRY BLACK, Police Officer for the Denver Police Department, in his individual capacity,

    Defendants.

## ORDER

**Blackburn, J.**

This matter is before me on plaintiff Dean Carbajal's **Notice** [#351],[1] filed July 23, 2015, requesting service of subpoenas on various putative witnesses who may be called during the trial of this case, commencing August 10, 2015. Considering Mr. Carbajal's *pro se* status,[2] I construe this notice as a motion to issue and serve these subpoenas. Thus construed, I grant the motion in part and deny it in part.

---

[1] "[#351]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case management and case filing system (CM/ECF). I use this convention throughout this order.

[2] Because Mr. Carbajal is proceeding *pro se*, I have reviewed this motion more liberally than pleadings or papers filed by attorneys. **See, e.g., Erickson v. Pardus**, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Haines v. Kerner,** 404 U.S. 519, 520-21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).

Rule 45 of the Federal Rules of Civil Procedure governs the issuance of subpoenas to compel witnesses to attend and give testimony at hearings or trials. Because a *pro se* litigant who is not a licensed attorney may not issue subpoenas on his own, he must seek them from the court.  See **FED. R. CIV. P.** 45(a)(3); ***United States v. Meredith***, 1999 WL 381128 at *1 (10th Cir. June 11, 1999).

The language of Rule 45 provides that the clerk of court "must issue a subpoena, signed but otherwise in blank, to a party who requests it."  **FED. R. CIV. P.** 45(a)(3). While some courts have read this language as divesting the court of discretion to deny issuance of subpoenas on request, ***see Carbajal v. Serra***, 2012 WL 1229879 at *2 (D. Colo. Apr. 12, 2012) (Mix, M.J.), ***reconsideration denied***, 2012 WL 1674245 (D. Colo May 14, 2012), I have previously found – in this very case – that the court's authority is not so circumscribed:

> While it is true that the court's "inherent powers must be exercised with great caution" and only in "exceptional circumstances," they do operate within the realm where "congressionally authorized powers fail to protect the processes of the court." ***Chambers v. NASCO***, Inc.  501 U.S. 32, 64, 111 S.Ct. 2123, 2143, 115 L.Ed.2d 27 (1991) (Scalia, J., dissenting) (citation and internal quotation marks omitted).  This is one such circumstance.  "Rule 45 provides little practical protection to the Marshals Service or non-parties against service of unreasonable, abusive, or frivolous subpoenae." ***Jackson v. Brinker***, 1992 WL 404537 at *5 (S.D. Ind. Dec. 21, 1992).  Numerous courts thus have relied on the court's inherent authority to bridge that gap, finding the discretion necessary to deny issuance of subpoenas which are irrelevant, frivolous, unduly burdensome, or harassing.  [Internal citations omitted.]
>
> The necessity of exercising the court's inherent authority to prevent abuse of process is especially keen when the requesting party is proceeding *in forma pauperis*, as plaintiff does in this case.  Although Rule 45 does offer some

> protection against burdensome and unreasonable subpoenas, both in the process of and after service,
>
> > [b]ecause indigent parties are largely immune from monetary deterrents, sanctions can't be relied on as an effective protection for the Marshals Service and non-parties against service of unreasonable or abusive subpoenae. *In forma pauperis* parties often proceed *pro se* as well, thus lessening the deterrent effect of threatening sanctions for submission of legally unreasonable, but innocently-intentioned, subpoenae. The possibility of quashing or modifying an unreasonable subpoena comes too late to prevent the costs incurred by its service.
>
> *Jackson*, 1992 WL 404537 at *5. . . . . Nothing in Rule 45 requires the court, the Marshals Service, nor the non-parties to whom the subpoenas are directed to shoulder the burden and expense attendant on the service of and response to facially improper subpoenas. Indeed, such inefficiency and expense are contrary to the overarching purpose of the Federal Rules of Civil Procedure. *See* **FED. R. CIV. P.** 1.

(**Order Overruling Plaintiff's Contemporaneous Objection to Magistrate Judge's July 30, 2014 Order [#226]** at 2-4 [#236], filed October 6, 2014.)

I invoke that same inherent authority here to deny issuance of the four subpoenas directed to non-parties who patently are beyond the subpoena power of the court. *See* **FED. R. CIV. P.** 45(c)(1)(A).[3] I will direct the clerk of the court to issue and the United States Marshal to serve the remaining eight subpoenas.

**THEREFORE, IT IS ORDERED** as follows:

---

[3] Nevertheless, at least two of these out-of-state witnesses – Marci Hanshue and Gregory Englund – appear on defendants' will call witness list.

3

    1. That Mr. Carbajal's **Notice** [#351], filed July 23, 2015, construed as a motion to issue trial subpoenas, is granted in part and denied in part;

    2. That the motion is denied insofar as it requests issuance of subpoenas on the following persons:

        a.    Marci Hanshue
              1551 East Tangerine Road
              Oro Valley, AZ 85755;

        b.    Gregory Englund
              50 Carmel Dr.
              Plymouth, NJ 03264;

        c.    Dr. Steven Richard Smith
              12315 Hancock St., Suite 26
              Carmel, IN 46032;[4] and

        d.    Dudley Seth Danoff, MD
              8635 West 3rd St., Suite 1
              West Los Angeles, California 90048;

    3. That clerk of the court is directed to issue subpoenas for the time of trial for the appearance of the following witnesses:

        a.    Stephan Swan
              13102 Elizabeth St.
              Thornton, CO 80241;

        b.    Lt. Thomas, IDA2 P89016, Denver Police Officer
              1331 Cherokee St.
              Denver, CO 80204;

        c.    B. Niven, P06088, Denver Police Officer
              1331 Cherokee St.
              Denver, CO 80204;

        d.    Gilberto Lucio
              1331 Cherokee St.
              Denver, CO 80204;

---

[4] Misstated in the subpoena as "460302."

  e. J. Putbrese, P06057, Denver Police Officer
    1331 Cherokee St.
    Denver, CO 80204;

  f. Justin Hawkins, Phone (303) 602-2566, Emergency Medical Services
    660 Bannock St., M/C 0172
    Denver, CO 80204;

  g. Pat McCadden, Representative for St. Anthony Central Hospital
    1160 W. 2nd Pl.
    Lakewood, CO 80228; and

  h. Michael Jobin
    655 Leyden St.
    Denver, CO 80220; and

4. That the U.S. Marshal shall serve subpoenas on the witnesses identified in paragraph 3 above without the prepayment of fees and that the witness fees, mileage, and subsistence of said witnesses required by Rule 45(b)(1) will be paid by the U.S. Marshal.

Dated July 27, 2015, at Denver, Colorado.

**BY THE COURT:**

*/s/ Bob Blackburn*
Robert E. Blackburn
United States District Judge